Rockingham
No. 94-620

DAVID ROTHBART

v.

SUSAN A. ROTHBART

May 29, 1996

*Casassa & Ryan*, of Hampton (*Faye R. Goldberg* on the brief and orally), for the plaintiff.

*Bradshaw & Associates, P.C.*, of Exeter (*Mae C. Bradshaw* and *Robert G. Hendricks* on the brief, and *Ms. Bradshaw* orally), for the defendant.

HORTON, J. The plaintiff, David Rothbart, appeals the order of the Superior Court (*Gray*, J.) approving the qualified domestic relations order (QDRO) submitted by the defendant, Susan Rothbart. We affirm.

This property settlement case involves the apportionment of the plaintiff's defined benefit pension plan and the interpretation of our decision in *Hodgins v. Hodgins*, 126 N.H. 711, 497 A.2d 1187 (1985) (superseded on other grounds by RSA 458:16-a, I (1992)). In *Hodgins*, we held that under certain circumstances, the apportionment of future pension benefits may be determined according to a formula. *Id.* at 715–16, 497 A.2d at 1190. The formula is comprised of three factors: (1) the marital assets distribution share; (2) the percentage reflecting the number of months employed while married and prior to the commencement of the divorce proceedings divided by the total number of months employed; and (3) the amount of the monthly pension benefit. *See id.* at 716, 497 A.2d at 1190–91. For purposes of this opinion, the date of calculation is the date divorce proceedings began. *See Holliday v. Holliday*, 139 N.H. 213, 217, 651 A.2d 12, 15 (1994).

The main issue in this case is whether the trial court correctly applied the apportionment formula established in *Hodgins* to the plaintiff's pension benefits. The plaintiff contests the trial court's ruling that one factor of the *Hodgins* formula is the plaintiff's *actual* monthly benefit received upon retirement, noting that a portion of such benefits are attributable to the plaintiff's increases in salary received after the divorce. The plaintiff argues that the proper factor is his *projected* benefits, which he defines as the amount of the monthly benefit he would receive upon retirement if he continued to work after his divorce without including in the benefit calculation any salary increases he receives after the divorce. In addition, the plaintiff argues that the trial court erred by allowing the defendant's witness to testify as an expert.

The parties were divorced in 1989 after a twenty-three-year marriage. At the time of divorce, the plaintiff had been employed by Delta Airlines for nearly fourteen years and had acquired a vested interest in the Delta Pilots Retirement Plan, a defined benefit plan. Under the plan, the monthly benefit payable upon retirement is defined by a formula based on years of service and salary level. Assuming the plaintiff works for thirty years, the annual benefit is sixty percent of the average of the plaintiff's highest consecutive three-year pay within the ten years leading up to retirement.

The 1989 divorce decree incorporated a partial permanent stipulation which provided, in part:

> The pension accounts with the Air Force and Delta Airlines shall be divided between the parties in accordance [with the] *Hodgins* formula. A Qualified Domestic Relations Order shall be prepared and submitted to the Court for approval with regard to the Delta Airlines pension as well as the Air Force retirement.

The parties also stipulated to the equal division of the parties' assets. The parties were unable to negotiate a QDRO, however, and in 1990 the defendant moved to enforce and approve a submitted QDRO. The trial court held a hearing on June 27, 1994, at which the parties disagreed about whether the *Hodgins* formula includes as a factor the monthly benefit the plaintiff would receive had he retired on the date of the divorce or the benefit he will receive when he actually retires. The Marital Master (*Stephanie Nute*, Esq.) granted the defendant's motion, ruling that the plain meaning of *Hodgins* instructs that the percentage be "applied to the pension benefits received by the plaintiff as of the date he actually begins receiving those benefits and calculated upon that amount." The superior court approved the master's order, and the plaintiff's motion for reconsideration was denied. The plaintiff appealed.

Once an asset "is found to be properly within a party's estate, the trial court has broad discretion in determining and ordering an equitable distribution of that property." *Baker v. Baker*, 120 N.H. 645, 647, 421 A.2d 998, 1000 (1980) (decided under prior law). Absent an abuse of discretion, we will not overturn the decision of the trial court in matters involving alimony and property distribution. *Hodgins*, 126 N.H. at 713–14, 497 A.2d at 1189.

We agree with the plaintiff that applying the *Hodgins* percentage to the facts of this case has the effect of distributing to the defendant retirement benefits technically attributable to pay increases occurring after the divorce. Nevertheless, we affirm the trial court's decision.

■ The language of our holding in *Hodgins* is clear. We held that when the value of a pension to be divided is, by its nature, impossible to determine at the time of divorce, the "problem of valuation may be avoided, and the risks of uncertainty evenly placed upon the parties, by a decree providing that *upon maturity of the pension rights* the recipient pay a portion *of each payment received* to his or her former spouse." *Hodgins*, 126 N.H. at 716, 497 A.2d at 1190 (quotation omitted) (emphasis added). For example,

> assuming that an equal distribution were to be called for, the decree would direct [the employee], *upon commence-*

*ment of his pension benefits,* thereafter to pay [his former spouse] one-half of a percentage of *each benefit payable to him,* less taxes. The percentage would be derived by dividing the number of months [the employee] was employed, during the marriage and prior to commencement of the divorce proceedings, by the total number of months of credits he will have earned toward his pension *as of the date benefits commence.*

*Id.* at 716, 497 A.2d at 1190–91 (emphasis added). *Hodgins* clearly contemplates application of the percentage to the benefits actually received by the employee upon retirement.

■ ■ Ironically, the problem highlighted by the plaintiff's argument stems from the language in *Hodgins* justifying the percentage by which the pension benefit is multiplied. To divide a pension properly, we stated that the decree apportioning the pension "must take account of the fact that only those pension benefits which are attributable to the retiree's employment during the marriage are subject to distribution." *Id.* at 716, 497 A.2d at 1190. As a result, the percentage used in the formula is equal to the number of months of employment during marriage and prior to commencement of the divorce proceedings divided by the total number of months of employment. *Id.; see Hillebrand v. Hillebrand,* 130 N.H. 520, 525, 546 A.2d 1047, 1050 (1988). The formula assumes that the percentage solves the problem of distributing only those benefits attributable to the retiree's employment during the marriage.

In some cases, however, the *Hodgins* percentage is only a partial solution to the problem. In a defined benefit pension such as the plaintiff's, the retirement benefit is based on years of service and increases in salary. The total number of the plaintiff's years of service determine what percentage of his highest three-year average salary he will receive as an annual retirement benefit. Assuming he works for thirty years, he will receive sixty percent of his highest three-year average. But, if he retires after only twenty years of service, the percentage will be smaller. Similarly, assuming the plaintiff receives regular pay increases during his employment, his highest three-year average salary will necessarily be higher after thirty years of service than after fewer years of service.

■ The *Hodgins* formula, by definition, applies the percentage to the actual benefits received by the employee upon retirement. Applied to a defined benefit pension, as in this case, the formula has the effect of distributing to the employee's former spouse benefits

technically attributable to pay raises occurring after the divorce. In addition, for defined benefit pensions that provide for uneven increases in benefits based on years of service, *e.g.*, two percent per year of service after ten years, three percent per year of service after twenty years, etc., the formula would have the effect of distributing to the former spouse benefits technically attributable to years of service occurring after the divorce. Thus, while the *Hodgins* percentage is in step with the rule mandating proportional distribution, *see Hodgins*, 126 N.H. at 716, 497 A.2d at 1190, application of the percentage to the proceeds of a defined benefit pension at the time of retirement may result in a somewhat disproportional distribution.

The plaintiff argues that this problem would be solved by applying the *Hodgins* percentage to a projected benefit. The projected benefit is defined by the plaintiff as the amount of the monthly benefit the plaintiff would receive upon retirement if he continued to work after the divorce without receiving any further increases in salary.

The plaintiff's solution results in a new problem: applying the *Hodgins* percentage to a projected benefit results in a distribution skewed in favor of the employee. The employee's highest three-year average salary is substantially dependent on the salary levels attained while married. The employee, then, benefits doubly from his years of work during marriage — once by keeping a portion of the benefit attributable to those years, and a second time by keeping for himself all of the benefits increases attributable to later years, but which are firmly based on those years of work while married. In addition, the plaintiff's solution ignores the fact that many salary increases merely reflect increases in the cost of living. It would be unfair to grant benefits attributable to such pay increases only to one spouse.

■■■ The court's goal in applying the *Hodgins* formula is equitable, though not necessarily equal, property distribution. *See* RSA 458:16-a, II (1992); *Hodgins*, 126 N.H. at 714, 497 A.2d at 1189. *Hodgins*, when applied by the court, is a default formula. It is a default absent the possibility of determining the actual and contingent values of a pension, *see Hodgins*, 126 N.H. at 715–16, 497 A.2d at 1190, and absent a settlement agreement by the parties. Its purpose is to insure that "the risks of uncertainty [are] evenly placed upon the parties." *Id.* at 716, 497 A.2d at 1190. Only under unusual circumstances should the court deviate from the *Hodgins* rule. *See Hillebrand*, 130 N.H. at 526, 546 A.2d at 1050. If a court finds that application of the *Hodgins* formula would result in a

grossly inequitable distribution of marital assets, the court, in its discretion, may adjust the marital share or indulge in projections. *See id.* In so doing, however, the court must take care not to abandon one inequitable distribution in favor of another. *Cf. Hanson v. Hanson,* 121 N.H. 719, 720, 433 A.2d 1310, 1311 (1981) ("master is not obliged to divide property equally, but must apportion the estate according to the equities of the circumstances") (decided under prior law). In addition, the court should state its reasons for deviating from the *Hodgins* rule and make specific findings and rulings supporting its decision. *Hillebrand,* 130 N.H. at 526, 546 A.2d at 1050. By stipulating to a particular distribution of marital assets, the parties may, of course, avoid default distributions. *Cf. Stebbins v. Stebbins,* 121 N.H. 1060, 1063, 438 A.2d 295, 297 (1981) (property settlement involves final distribution of property in contrast to alimony and child support, which remain modifiable by court).

We find that the parties stipulated to the straightforward application of the entire *Hodgins formula,* not merely to the application of the *Hodgins percentage.* The *Hodgins* formula is (1) the number of months employed while married and prior to the commencement of the divorce proceedings divided by the total number of months employed, (2) multiplied by the actual pension benefit, (3) multiplied by the marital share. *See Hodgins,* 126 N.H. at 716, 497 A.2d at 1190–91. The plaintiff does not dispute that he stipulated to the use of the *Hodgins* formula and the equal distribution of the marital assets. Nor does the plaintiff claim that his understanding of the *Hodgins* formula is based on mistake or ambiguity. *Cf. Miller v. Miller,* 133 N.H. 587, 590, 578 A.2d 872, 873 (1990) (when interpreting stipulations, we consider intent of parties gleaned, absent fraud, duress, mutual mistake, or ambiguity, from face of agreement). The *Hodgins* formula was correctly applied in the submitted QDRO and properly approved by the superior court.

The plaintiff also argues that the trial court erred by allowing the defendant's witness to testify as an expert. Specifically, the plaintiff argues that Richard J. Maloney, a certified public accountant and an attorney, was unqualified to testify as a pension expert because he is not an actuary. The determination of an expert's qualification to testify on a subject rests within the sound discretion of the trial court. *Public Serv. Co. of N.H. v. Town of Seabrook,* 133 N.H. 365,

373, 580 A.2d 702, 707 (1990). We find that the trial court did not abuse its discretion by allowing Maloney to testify.

*Affirmed.*

BRODERICK, J., did not sit; THAYER,. J., concurred in the result only; the others concurred.