Coos
No. 98-643

IN THE MATTER OF GEARLDEAN (BELL) FLOROS
AND CURTIS L. BELL

November 17, 2000

*Law Office of Michael J. Ryan, P.A.*, of Goffstown (*Andrea Q. Labonte* and *Michael J. Ryan* on the brief, and *Mr. Ryan* orally), for the respondent.

*Waystack & King*, of Colebrook (*Clare M. Hinkley* and *Jonathan S. Frizzell* on the brief, and *Mr. Frizzell* orally), for the petitioner.

DALIANIS, J. The respondent, Curtis L. Bell, appeals the order of the Superior Court (*Smith*, J.) approving the recommendations of a Marital Master (*Pamela D. Kelly*, Esq.) enforcing his Missouri divorce decree and ordering him to pay fifteen percent of the non-disability portion of his military retirement benefits to the petitioner, Gearldean (Bell) Floros. We affirm in part, reverse in part, and remand.

In 1993, the Missouri court entered a decree dissolving the parties' marriage. The decree provided, in pertinent part:

> IT IS FURTHER ORDERED, ADJUDGED and DE-CREED that Plaintiff is awarded 15% of Defendant's non-disability military retirement pension and/or benefits based on 20 years [of] military service. The Plaintiff's award shall never increase in value but shall always be calculated on Defendant's base pay retirement on 20 years military service. Defendant is awarded as his sole and separate property the remaining non-disability military retirement of 85%.

Three years later, in October 1996, the respondent retired from the military, but failed to pay the petitioner fifteen percent of his non-disability military retirement benefits as the decree required.

The petitioner sought to register and enforce the decree in New Hampshire in 1998. The superior court confirmed the registration of the decree and partially granted the petitioner's motion to enforce.

The superior court calculated the arrearage that the respondent owed the petitioner as follows:

> [The respondent's] disability retirement benefits in 1998 amount to $444.00 per month out of a total of $2350.00 monthly benefits. This translates to about 18.9% of his total monthly benefits. He did not produce evidence of the actual amount of his disability benefits in 1997, so the Master has used the same percentage as that applicable in 1998.
>
> . . . .
>
> In 1996, respondent's monthly benefits were $1,728.00. In 1997, they increased to $2,206.00 and in 1998, to $2,350.00. Calculated in accordance with the findings set forth above, his arrears . . . equal $6,848.43, as of and including August of 1998.

The superior court ordered the respondent to pay the petitioner "the sum of $285.90 representing her 15% of the non-disability

portion of [the respondent's] retirement benefits, plus $100.00 per month against arrears." The superior court further ordered that "[i]n January of each year, the payments to [the] petitioner will be recalculated at 15% of whatever [the respondent's] non-disability retirement pay is for that year, plus $100.00 monthly against arrears until paid in full." The respondent moved for reconsideration, which the court denied, and this appeal followed.

Because this case involves an interpretation of a divorce decree and not a review or modification of a property settlement, "we interpret the decree *de novo*. . . . In ascertaining the meaning of the divorce decree[,] . . . we look to the plain meaning of the language and at the meaning of the language in the context of the entire decree. Subsidiary clauses are construed so as not to conflict with the primary purpose of the decree." *Bonneville v. Bonneville*, 142 N.H. 435, 438, 702 A.2d 823, 825 (1997) (citations omitted).

█ The respondent asserts, first, that the superior court erred because it ordered the respondent to pay the petitioner a percentage of his non-disability military retirement benefits based upon his twenty-three total years of service, rather than upon twenty years of service as the decree requires. We agree and reverse this portion of the superior court's order.

The respondent next contends that the superior court erred because it included cost-of-living increases in the amount due to the petitioner. The respondent argues that the decree entitled the petitioner to a fixed amount and not to any increase in the respondent's benefits over time. We disagree.

We interpret the phrase "[the petitioner's] award shall never increase in value" in the context of the entire decree, not in isolation. We conclude that the "value" to which the decree refers is the percentage of the respondent's non-disability military pension to which the petitioner is entitled, not the amount of money she is to receive. This "value" remains constant over time, although the amount to which it is applied may change due to cost-of-living increases.

█ Moreover, the last sentence of this provision states that the respondent "is awarded as his sole and separate property the remaining non-disability military retirement of 85%." Had the Missouri court intended the respondent to also be the sole recipient of all cost-of-living increases to his retirement benefits it could easily have said so. To interpret the decree otherwise would unfairly grant the benefits attributable to cost-of-living increases to the respondent alone. *See Rothbart v. Rothbart*, 141 N.H. 71, 76, 677

A.2d 151, 154 (1996). Accordingly, we affirm the portion of the superior court's order granting cost-of-living increases to the petitioner.

The respondent's remaining arguments lack merit and warrant no further discussion, *see Vogel v. Vogel*, 137 N.H. 321, 322, 627 A.2d 595, 596 (1993).

We remand for further proceedings consistent with this opinion.

*Affirmed in part; reversed in part; and remanded.*

THAYER, J., sat for oral argument but resigned prior to the final vote; BROCK, C.J., and HORTON, BRODERICK, and NADEAU, JJ., concurred; NADEAU and DALIANIS, JJ., took part in the final vote by consent of the parties.