Merrimack
No. 99-536

IN THE MATTER OF PATRICIA PRESTON AND WARREN PRESTON

October 3, 2001

*Cazden Law Office*, of Manchester (*Elizabeth Cazden* on the brief and orally), for the petitioner.

*Orr & Reno, P.A.*, of Concord (*R. James Steiner* on the brief and orally), for the respondent.

DALIANIS, J. The respondent, Warren Preston (husband), appeals the order of the Superior Court (*Perkins*, J.) approving the recommendation of the Marital Master (*Leonard S. Green*, Esq.) awarding the petitioner, Patricia Preston (wife), one-half interest in an annuity issued to the husband in settlement of a personal injury claim. We affirm.

The following facts either were found by the trial court or are not disputed by the parties on appeal. The parties married in 1963 and separated in 1996. In 1988, the husband was injured in an accident. The couple settled with the insurers in 1992 and entered into a structured

settlement, which provided for an immediate lump sum payment to the couple and their attorney and payments of $985 per month to the husband for 120 months, beginning in November 2000. The agreement provided that the insurers would purchase an annuity to make the future periodic payments.

The trial court ruled that the annuity was a marital asset subject to equitable distribution. The court then awarded each party one-half interest in the annuity. This appeal followed.

"On appeal, we will affirm the findings and rulings of the marital master unless they are unsupported by the evidence or are legally erroneous." *Holliday v. Holliday*, 139 N.H. 213, 215 (1994) (quotation omitted). We will set aside a trial court's property division order only when the appealing party can demonstrate a clear abuse of discretion. *See Bursey v. Bursey*, 145 N.H. 283, 285 (2000).

The husband argues that the trial court erroneously concluded that the annuity was marital property subject to equitable distribution. We disagree.

RSA 458:16-a, I (Supp. 2000) provides that property subject to equitable distribution includes all property "belonging to either or both parties, whether title to the property is held in the name of either or both parties." New Hampshire is thus one of a number of "equitable distribution" states that permit the distribution of all of the property of divorcing parties "without regard to title, or to when or how acquired." 3 A. RUTKIN, FAMILY LAW AND PRACTICE § 37.01[1], at 37-19 (2001).

Courts in other jurisdictions have followed one of three approaches to classifying personal injury awards or settlements in this context. The first approach always classifies the award or settlement as the personal and separate property of the injured spouse. *See, e.g., Izatt v. Izatt*, 627 P.2d 49, 51 (Utah 1981) (wife's receipt of lump sum settlement of malpractice claim was her separate property). Under the second approach, the "analytical approach," whether the award is deemed the separate property of the injured spouse depends upon the purpose of the settlement. If the settlement award is intended to compensate for personal losses, such as pain and suffering, then the award is separate property. If it is intended to compensate for losses to the marital estate, such as lost wages incurred during the marriage, it is marital. *See, e.g., Johnson v. Johnson*, 346 S.E.2d 430 (N.C. 1986). The third approach, known as the "mechanistic approach," provides that, "regardless of the underlying purpose of the award or the loss it is meant to replace, if the award or settlement was acquired during the marriage, it is deemed to be marital property." *Lopiano v. Lopiano*, 752 A.2d 1000, 1010 (Conn. 1998).

■ ■ We believe that the mechanistic approach best comports with New Hampshire's equitable distribution law, and therefore adopt this approach. *See Holliday*, 139 N.H. at 215 ("[t]he trial court may order redistribution of any property falling within the joint marital estate, or within the individual estates of either spouse" (quotation omitted)). Under this approach, the annuity was subject to equitable distribution even though it may have been the husband's separate property. *See Dalessio v. Dalessio*, 570 N.E.2d 139, 142 (Mass. 1991). The trial court thus did not erroneously include the annuity as property subject to equitable distribution.

The husband urges us to adopt the analytical approach, relying principally upon case law developed in jurisdictions that are "dual property" jurisdictions, which classify property as "marital" and "non-marital." *See, e.g., Parde v. Parde*, 602 N.W.2d 657 (Neb. 1999) (annuity was not marital property subject to distribution); *see also* 3 A. RUTKIN, FAMILY LAW AND PRACTICE § 37.01[1], at 37-17 to 37-18. We decline the husband's invitation. While in "dual property" jurisdictions only "marital" property is subject to distribution, *see Tramel v. Tramel*, 740 So. 2d 286, 289 (Miss. 1999), in New Hampshire all property of the parties is subject to distribution, provided that it was acquired up to the date of a decree of legal separation or divorce. *See Holliday*, 139 N.H. at 215. As we explained in *Holliday*:

> The critical determination . . . is not whether assets are marital assets, but whether the trial court's distribution is equitable and within its discretion. If the trial court determines an equal division to be inappropriate after considering the parties' property in its entirety and *the enumerated special circumstances*, it may find, in its sound discretion, that equitable distribution of a marital asset means awarding it, in whole, to one party.

*Id.* at 216 (emphasis added).

The husband relies also upon *Fabich v. Fabich*, 144 N.H. 577 (1999), in which we held that whether a spouse's disability retirement benefits were subject to equitable distribution depended upon whether they resembled retirement benefits and were marital assets or whether they compensated the spouse for lost earning capacity and personal suffering and were the spouse's separate property.

The case before us persuades us that our analytical approach in *Fabich* should be reexamined. In *Fabich*, we carved out a special exception to the general rule that any property acquired before the decree of a legal

separation or divorce is subject to equitable distribution. The plain language of RSA 458:16-a, I, does not permit such special exceptions, however. While we are mindful of the principle of stare decisis and recognize the value of stable legal precedent, we also acknowledge that stare decisis should neither be rigidly applied nor blindly followed. Reexamining our approach is appropriate when in our judgment the hardships from persisting in the former approach are greater than those resulting from a reexamination. *See Weeks Restaurant Corp. v. City of Dover*, 119 N.H. 541, 544 (1979); *Amoskeag &c. Co. v. Dartmouth College*, 89 N.H. 471, 475-76 (1938). Thus, to the extent that *Fabich* is inconsistent with our opinion today, it is overruled. We note, however, that after considering the factors enumerated in RSA 458:16-a, II (Supp. 2000), the trial court might have reasonably concluded that equitable distribution of the asset in question in *Fabich* required awarding it to one party.

■ The husband argues that the doctrine of *ejusdem generis* precludes our holding that the annuity is an asset subject to equitable distribution. The *ejusdem generis* doctrine provides that

> "where general words follow an enumeration of persons or things, by words of a particular and specific meaning, such general words are not to be construed in their widest extent, but are to be held as applying only to persons or things of the same kind or class as those specifically mentioned."

*State v. Beckert*, 144 N.H. 315, 318 (1999) (quoting *Black's Law Dictionary* 517 (6th ed. 1990)). The husband asserts that because the items RSA 458:16-a, I, lists as intangible property subject to equitable distribution bear "no resemblance" to his annuity, the annuity cannot be marital property. The husband's reliance upon this doctrine is misplaced. It was the legislature's intent that *any* property acquired up to the date of a decree of legal separation or divorce would be subject to equitable distribution. *See Holliday*, 139 N.H. at 215. Thus, regardless of whether the annuity resembles the items listed in RSA 458:16-a, I, it was an asset subject to equitable distribution. The doctrine of *ejusdem generis* does not require us to ignore legislative intent. *See Beckert*, 144 N.H. at 318.

We express no opinion as to whether the distribution of the annuity in this case was, in fact, equitable because this issue is not presented to us on appeal. We observe that the trial court had the discretion to determine that an equal division of the annuity was not equitable, "after considering the . . . property in its entirety and the enumerated special circumstances." *Holliday*, 139 N.H. at 216. The court divided the annuity equally between

the spouses, and, on appeal, the husband does not argue that this was not equitable. He argues only that the annuity was not "marital" property. Because we affirm the trial court's determination that the annuity was subject to equitable distribution, we need not reach the parties' arguments concerning alimony. Nor do we reach the husband's motion regarding the wife's failure to cross-appeal. Because we have neither referred to, nor relied upon, those portions of the wife's brief which the husband finds objectionable, his motion to strike portions of the wife's brief is moot.

*Affirmed.*

BROCK, C.J., and BRODERICK, NADEAU and DUGGAN, JJ., concurred.