Derry Family Division
No. 2009-216

IN THE MATTER OF MICHELE SUKERMAN AND WILLIAM SUKERMAN

Argued: November 4, 2009
Opinion Issued: December 31, 2009

*Cynthia M. Weston*, of Londonderry, on the brief, and *Legal Resource Strategies, PLLC*, of Manchester (*Nancy A. DeAngelis* on the brief and orally), for the petitioner.

*Law Office of Joshua L. Gordon*, of Concord (*Joshua L. Gordon* on the brief and orally), for the respondent.

HICKS, J. The respondent, William Sukerman, appeals the order of the Derry Family Division (*Moore*, J.) distributing the parties' marital property in a divorce proceeding filed by the petitioner, Michele Sukerman. The respondent contends the family division erred in awarding the petitioner a portion of his accidental disability pension benefit. We affirm.

The following facts were either found by the trial court or are supported by the record. The parties were married in October 1988. Twenty years later, they were divorced due to irreconcilable differences that had led to the breakdown of the marriage. *See* RSA 458:7-a (Supp. 2009). From 1991 to 2007, the respondent worked as a firefighter with the Massachusetts Port Authority (MassPort) Fire Rescue in Boston. In 2007, he suffered a heart attack, forcing him to retire from MassPort in August 2008. He then began to receive a pension under the Massachusetts retirement system. This pension consists of an annuity, an accidental disability retirement benefit, and an ordinary retirement benefit. *See* Mass. Gen. Laws Ann. ch.

32 §§ 1 *et seq.* (West 2001 & Supp. 2009). In the final divorce decree, the family division awarded the petitioner one-half of the respondent's entire "pension plan which accrued between the date of the marriage . . . and the date of the filing of the petition for divorce." The respondent filed a motion for clarification and reconsideration, arguing that the petitioner should not be entitled to collect one-half of his accidental disability retirement benefits because they compensate him for future earnings and pain and suffering. The trial court disagreed, finding that the "[r]espondent's 'benefit' is a contributory benefit plan and, as such, a divisible property right." This appeal followed.

On appeal, we afford the trial court broad discretion in determining matters of property distribution when fashioning a final divorce decree. *In the Matter of Costa*, 156 N.H. 323, 326 (2007). We will not overturn the trial court's rulings regarding property settlement absent an unsustainable exercise of discretion, *In the Matter of Ramadan & Ramadan*, 153 N.H. 226, 232 (2006), or an error of law, *In the Matter of Letendre & Letendre*, 149 N.H. 31, 34 (2002).

The respondent appears to argue that the accidental disability benefits component is not marital property because he did not become eligible for it until after the parties were separated. We do not address this argument, however, because he has failed to demonstrate that he preserved it for our review. *See Bean v. Red Oak Prop. Mgmt.*, 151 N.H. 248, 250 (2004).

The respondent also contends that the trial court erred in concluding that his accidental disability benefits constituted marital property subject to equitable distribution. In support of this argument, he cites *Fabich v. Fabich*, 144 N.H. 577 (1999), *overruled in part by In the Matter of Preston and Preston*, 147 N.H. 48 (2001). In *Fabich*, we held that whether a spouse's disability retirement benefits were subject to equitable distribution depended upon whether they represented compensation for lost earning capacity and suffering, caused by the disability, or whether they more closely resembled retirement benefits. *Id.* at 581. The portion of benefits that were "true disability benefits," we held, were not subject to equitable distribution. *Id.* at 580. To reach this result in *Fabich*, we employed the above described "functional approach." *Id.*

■ However, in *Preston*, we overruled *Fabich's* application of the functional approach in favor of a mechanistic approach to hold a husband's personal injury settlement was marital property. *Preston*, 147 N.H. at 50-51. We found that a mechanistic approach "best comports with New Hampshire's equitable distribution law." *Id.* at 50; *see also* RSA 458:16-a (2004) (providing that "all tangible and intangible property and assets, real or personal, belonging to either or both parties, whether title is held in the

name of either or both parties" is subject to equitable distribution). We reject the respondent's contention that *Fabich* applies when the court can discern "the temporal function" of a benefit and *Preston* applies when it cannot.

Under the mechanistic approach, all property acquired during the marriage "without regard to title, or to when or how acquired" is deemed to be marital property unless it is specifically excepted by statute. *Preston*, 147 N.H. at 49 (quotation omitted). Here, RSA 458:16-a contains no exception for accidental disability benefits in the definition of marital property; therefore, such pension benefits are marital property subject to equitable distribution. RSA 458:16-a specifically states that marital property includes "[t]o the extent permitted by federal law . . . military retirement and veterans' disability benefits," benefits similar to the respondent's accidental disability benefits here. RSA 458:16-a, I. Moreover, other states that have applied the mechanistic approach define disability retirement benefits as marital property subject to equitable distribution. *See, e.g., Morrison v. Morrison*, 692 S.W.2d 601, 602 (Ark. 1985) (disability benefits); *In re Marriage of Smith*, 405 N.E.2d 884, 890 (Ill. App. Ct. 1980) (accidental disability benefits).

Accordingly, we affirm the trial court's ruling.

*Affirmed.*

BRODERICK, C.J., and DALIANIS, DUGGAN and CONBOY, JJ., concurred.