# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0304, <u>Sandra Patti v. 40 Lowell Road Condominium Association</u>, the court on December 20, 2021, issued the following order:**

The plaintiff's motion to order transcripts, filed after the defendant filed its memorandum of law, is denied. <u>See</u> <u>Sup. Ct. R.</u> 15; <u>see</u> <u>also</u> <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56 (2006) (self-represented litigants are bound by the same procedural rules that govern parties represented by counsel).

Having considered the brief, memorandum of law, and limited record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The plaintiff, Sandra Patti, appeals an order of the Circuit Court (<u>Alfano</u>, J.) entering judgment for the defendant, 40 Lowell Road Condominium Association, in a small claims case. The plaintiff argues that the trial court erred in finding that a $100 monthly fee increase was not solely for replacing the roof. We affirm.

The plaintiff asserts that in 2013 certain unit owners properly petitioned for a special meeting of the condominium association. According to the plaintiff, the sole purpose of the meeting, as stated in the meeting notice, was to address the replacement of the roof. During the meeting, the owners approved a special assessment of $100 per month beginning in January 2014 to increase the association's reserve account. The plaintiff asserts that the assessment was solely to pay for the roof replacement, and that the association wrongfully continued to collect the additional $100 in fees after September 11, 2018, when the replacement was completed. The plaintiff seeks return of $100 per month she paid from January 2019 to June 2019.

The defendant asserts that the meeting minutes do not support the plaintiff's assertion that the November 26, 2013 meeting was a "special" meeting, that the plaintiff failed to provide the meeting notice as part of the record at trial or on appeal, and that the additional assessment was for common expenses.

The minutes of the November 26, 2013 meeting show that all unit owners, including the plaintiff, voted in favor of a motion "to increase condominium fees by $100.00 per unit per month starting in January 2014 to fund the reserve account." Although the plaintiff argues that the intent was to use the additional funds only for the roof, the minutes do not compel such a

finding, and the January 9, 2014 meeting minutes show that no unit owners objected to the vote accepting the November 26, 2013 meeting minutes. The trial court, based upon the testimony of the association's current president, found that the additional $100 per month "was part of the monthly condo fee, and not an assessment for the roof." Because the plaintiff has not provided a transcript of the hearing, we must assume that the evidence supported the trial court's finding. See Atwood v. Owens, 142 N.H. 396, 396 (1997). Accordingly, we conclude that the plaintiff has failed to demonstrate reversible error. See Coyle v. Battles, 147 N.H. 98, 100 (2001) (To prevail on appeal, the appellant must provide an adequate record and demonstrate reversible error.).

Because we have neither referred to, nor relied upon, the plaintiff's "Exhibit 1 Addendum," filed after the defendant filed its memorandum of law, the defendant's motion to strike the document is moot. See In the Matter of Preston and Preston, 147 N.H. 48, 52 (2001).

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**