NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

9th Circuit Court-Manchester Family Division
Case No. 2024-0051
Citation: In the Matter of LeGault & LeGault, 2025 N.H. 24

IN THE MATTER OF CLAYTON LEGAULT, JR. AND LISA LEGAULT

Argued: March 6, 2025
Opinion Issued: May 29, 2025

Welts, White & Fontaine, P.C., of Nashua (Israel F. Piedra on the brief and orally), for the petitioner.

Shaheen & Gordon, P.A., of Concord (Tracey Goyette Cote on the brief, and Stephanie K. Annunziata orally), for the respondent.

COUNTWAY, J.

[¶1] The respondent, Lisa LeGault (Wife), appeals a final divorce decree issued by the Circuit Court (Manchester, J). Wife challenges the court's failure to award marital assets to her to offset a "premarital" portion of a defined benefit pension plan in which the petitioner, Clayton LeGault, Jr. (Husband), is vested. We vacate and remand.

[¶2] The following facts were found by the trial court, are undisputed, or relate the contents of documents in the record. Husband is employed by the

New Hampshire Department of Corrections and contributes to a defined benefit pension plan through the New Hampshire Retirement System.  See Am. Fed'n of Teachers — N.H. v. State of N.H., 167 N.H. 294, 297 (2015) (noting that the New Hampshire Retirement System "is a contributory, public employee, defined-benefit pension plan").  Prior to the parties' marriage on April 22, 2005, Husband had been contributing toward his pension for six years.  Husband also participates in the State of New Hampshire Public Employees Deferred Compensation Plan.  Wife has been contributing to a 401(k) plan through her employer since 1995.

[¶3] The parties separated in May 2022, and a petition and cross-petition for divorce followed.  Wife proposed a division of marital assets which, among other things, would award her 100% of both her 401(k) and Husband's deferred compensation plan.  It would also award her 50% of the "marital portion" of Husband's pension, calculated using the formula we announced in Hodgins v. Hodgins, 126 N.H. 711 (1985), and would award Husband "the remaining balance in the account, including the premarital portion of the pension, free and clear of any right, title, or interest of [Wife]."  Wife "explained that she is not seeking any part of [Husband's] premarital pension specifically, but that she is seeking an 'offset' of other assets, which includes but is not limited to 100% of [Husband's] Deferred Compensation Plan, and a cash settlement of $75,000.00."

[¶4] Wife's expert witness calculated values for both the "marital" and "premarital" portions of Husband's pension and "concluded that approximately 74% of the pension was earned during the parties' marriage."  In her trial memorandum, Wife argued that because Husband had not yet retired and "the pension has such significant value that it cannot be offset with other assets in the marital estate," use of a formula to divide the pension was necessary.  Wife proposed an initial division in accordance with our decision in Hodgins.  In that case, we: (1) approved the use of "a decree providing that upon maturity of the pension rights the recipient pay a portion of each payment received to his or her former spouse," Hodgins, 126 N.H. at 715-16 (quotation omitted); and (2) established "a formula for equitably apportioning pension benefits when the actual and contingent values are unascertainable,"  In the Matter of Sutton & Sutton, 148 N.H. 676, 680-81 (2002).

[¶5] Wife contended, however, that limiting division of Husband's pension to an application of the Hodgins formula in this case "results in dividing only the portion of the benefit that was earned during the marriage, and awarding [Husband] the benefits that were earned prior to the marriage."  She further argued that because RSA 458:16-a, I, which was enacted after Hodgins, provides that all property acquired prior to the marriage is subject to distribution, "[a]pplication of the Hodgins formula to exclude the premarital portion of [Husband's pension] from consideration in the equitable distribution

2

of assets would directly conflict with . . . RSA 458:16-a, I, and would result in a disproportionate and inequitable award to [Husband]."

[¶6] The court issued a narrative order and final decree on November 7, 2023. It divided Wife's 401(k) and Husband's deferred compensation plan equally between the parties and divided Husband's pension according to the Hodgins formula. It also adopted Wife's proposal with respect to designation of Wife as the 100% beneficiary of the 50% survivor option benefit in Husband's pension and assignment of pre-retirement death benefits should Husband predecease Wife prior to commencing receipt of his pension benefits. The court explained:

> [Wife's] arguments about the incompatibility of Hodgins and the intent of RSA 458:16-a are well-reasoned and well-founded. However, this Court is bound to follow precedent that has not been overruled. The conflict between [the] statute and its application in case law is not so clear that the Court considers Hodgins to have been superseded on this point. Because [Wife] has not directed the Court to binding precedent that separates a defined benefit plan into its marital portion (divided pursuant to Hodgins) and also a pre-marital portion that must be divided or offset by other marital assets, the Court is not persuaded.

(Citations omitted.) This appeal followed.

[¶7] On appeal, Wife presents two issues for review: (1) whether the trial court erred in excluding the premarital portion of Husband's pension from the marital estate; and (2) to the extent Hodgins has been interpreted to exclude the premarital portion of a pension from the property subject to equitable division, whether RSA 458:16-a, I, "abrogate[s] or derogate[s] the Hodgins decision."

[¶8] Before addressing Wife's arguments, we examine Hodgins and RSA 458:16-a. In Hodgins, the husband had a fully-vested pension but had not yet retired. Hodgins, 126 N.H. at 713. His pension was based on his employment that began after the parties were married; no portion was earned prior to the parties' marriage. Id. We recognized that "when retirement benefits do not have value realizable after the husband's death, the ability of the trial court to allocate them in an equitable division of property is most difficult." Id. at 715 (quotation omitted). We remanded for the trial court to "ascertain the actual and contingent values for Mr. Hodgins's pension," if possible. Id. at 715. We then stated, however, that if "the nature of [the] pension will make it impossible to compute the foregoing amounts in any meaningful way," the decree could direct that, upon maturity of the pension benefit, Mr. Hodgins pay Mrs. Hodgins a portion of each benefit payable to him. Id. at 715-16.

3

[¶9] We further stated:

Such a decree must take account of the fact that only those pension benefits which are attributable to the retiree's employment during the marriage are subject to distribution.

Assuming arguendo that, on remand, the trial court were to find such a decree appropriate in this case, and similarly assuming that an equal distribution were to be called for, the decree would direct Mr. Hodgins, upon commencement of his pension benefits, thereafter to pay for Mrs. Hodgins one-half of a percentage of each benefit payable to him, less taxes. The percentage would be derived by dividing the number of months Mr. Hodgins was employed, during the marriage and prior to commencement of the divorce proceedings, by the total number of months of credits he will have earned toward his pension as of the date benefits commence.

Id. at 716 (citations omitted).

[¶10] After Hodgins was decided, the legislature enacted RSA 458:16-a, which, for the first time, statutorily defined property subject to equitable division in a New Hampshire divorce action. See Blanchard v. Blanchard, 133 N.H. 427, 430 (1990); Laws 1987, 278:1. Paragraph I of that statute provides:

Property shall include all tangible and intangible property and assets, real or personal, belonging to either or both parties, whether title to the property is held in the name of either or both parties. Intangible property includes, but is not limited to, employment benefits, vested and non-vested pension or other retirement benefits, or savings plans. To the extent permitted by federal law, property shall include military retirement and veterans' disability benefits.

RSA 458:16-a, I (2018).

[¶11] Thereafter, we directed courts to employ a two-step analysis in equitably dividing the property of divorcing parties. See In the Matter of Routhier & Routhier, 175 N.H. 6, 11 (2022). "First, the court determines, as a matter of law, which assets constitute marital property under RSA 458:16-a, I. Then, the court exercises its discretion to equitably distribute those assets pursuant to RSA 458:16-a, II." Id. at 11-12 (citation omitted). "Trial court determinations under RSA 458:16-a, I, are reviewed de novo, while equitable divisions of property pursuant to RSA 458:16-a, II are reviewed for an unsustainable exercise of discretion." In the Matter of Chamberlin & Chamberlin, 155 N.H. 13, 16 (2007).

4

[¶12] Wife argues that the clear and unambiguous language of RSA 458:16-a "does not permit an interpretation that excludes the premarital portion of a pension from the definition of marital property." We agree. "RSA 458:16-a, I, makes no distinction between property brought to the marriage by the parties and that acquired during marriage . . . ." In the Matter of Crowe & Crowe, 148 N.H. 218, 222 (2002). While the court, in its discretion, may "consider when and by whom property was acquired in determining its distribution," In the Matter of Sarvela & Sarvela, 154 N.H. 426, 431 (2006), "all property of the parties is subject to distribution, provided that it was acquired up to the date of a decree of legal separation or divorce," In the Matter of Preston & Preston, 147 N.H. 48, 50 (2001).

[¶13] We now consider whether RSA 458:16-a, I, overrules or abrogates Hodgins. We conclude that it does not, but we now clarify the limitations on the Hodgins formula's applicability. In Hodgins we held, consistently with RSA 458:16-a, I, that "an unmatured pension, particularly when it is fully vested, is an asset that should be considered in any equitable property distribution." Hodgins, 126 N.H. at 715. We were tasked in Hodgins with determining a method to equitably apportion a pension benefit that had no portion earned prior to marriage but toward which the employee would continue to earn credit after divorce. See id. at 713. We therefore noted that a decree providing for distribution to the wife of a portion of each benefit payable to the husband at maturity of the pension benefit "must take account of the fact that only those pension benefits which are attributable to the retiree's employment during the marriage are subject to distribution." Id. at 716. We have repeated that statement in subsequent decisions. We have not, however, addressed whether or how Hodgins should apply when some portion of a pension has been earned prior to marriage. See, e.g., Sutton, 148 N.H. at 677 (noting that parties married in 1970 and, as of 1981, husband had a defined benefit pension through employment); Rothbart v. Rothbart, 141 N.H. 71, 73 (1996) (noting that parties had been married twenty-three years and that husband had been employed almost fourteen years with his current employer, through which he had a vested pension). But cf., In the Matter of Costa & Costa, 156 N.H. 323, 325, 330-31 (2007) (vacating division of husband's retirement benefits in case where husband's employment began in 1987 and the parties married in 1992, and remanding with instruction that if "buyout is not a feasible option . . . the trial court should enter a decree . . . per Hodgins").

[¶14] We now clarify that Hodgins continues to provide the default rule for cases where, as in Hodgins, no portion of the pension was earned prior to marriage. See Rothbart, 141 N.H. at 76 (describing Hodgins as a "default formula"). However, because the issue was not before us in Hodgins, that case does not address how to apportion pension benefits when some portion of those benefits was earned prior to marriage. See Hodgins, 126 N.H. at 713.

5

[¶15] Wife argues that in this case, the trial court erred by "failing to include the premarital portion of [Husband's] pension benefits in the marital estate." It is unclear from the narrative order, however, whether the trial court erroneously interpreted Hodgins to require exclusion of the premarital portion of Husband's pension, or whether the court used the Hodgins formula to apportion the marital portion, as both parties asked the court to do, and then, as it had the discretion to do, awarded the entire premarital portion to Husband, without offset, as part of an overall equitable division. See Routhier, 175 N.H. at 11. While, on the one hand, the order suggests that the court may have believed it lacked authority to divide the premarital portion or to offset it with other assets, on the other, the order states:

> The Court finds this distribution to be the most equitable considering the parties' assets and the length of the marriage. Although the premarital portion of [Husband's] pension has not been separately divided, [Wife] is moving forward with a significant portion of the marital estate, including retirement assets of her own and half of the marital portion of [Husband's] pension.

[¶16] Because we cannot determine from the trial court's order which of these alternatives formed the basis for its property division, we vacate and remand for further proceedings consistent with this opinion.

Vacated and remanded.

MACDONALD, C.J., and BASSETT and DONOVAN, JJ., concurred.

6