10th Circuit Court — Derry Family Division
No. 2012-098

## IN THE MATTER OF KENNETH HEINRICH AND DOROTHY HEINRICH

Argued: October 18, 2012
Opinion Issued: November 9, 2012

*Germaine & Blaszka, P.A.*, of Derry (*Brian G. Germaine* on the brief and orally), for the petitioner.

*Steven G. Shadallah*, of Salem, by brief and orally, for the respondent.

DALIANIS, C.J. The petitioner, Kenneth Heinrich, appeals the final decree entered by the 10th Circuit Court — Derry Family Division (*Sadler*, J.) in his divorce from the respondent, Dorothy Heinrich. He argues that the trial court erred when it determined that his lump sum

workers' compensation settlement is property subject to equitable distribution. Alternatively, he contends that the trial court's division of this award is inequitable. We affirm.

The trial court found the following facts. The parties married in June 1969. Both parties worked during their marriage — the petitioner as a mechanic, and the respondent as a nurse. The parties have an adult daughter with special needs to whom the respondent primarily attends.

The petitioner filed for divorce on August 19, 2009, one day after he received a lump sum settlement of a workers' compensation claim. The amount of the award was $241,570.00. It was calculated based upon the petitioner's life expectancy and future earnings. The petitioner had the option of taking the award as a lump sum payment or as weekly payments. Before the lump sum award was issued, he had been receiving $442.04 weekly. He chose to receive the award as a lump sum payment instead of continuing to receive the weekly payments.

The trial court first determined that the lump sum award is subject to equitable distribution. *See* RSA 458:16-a, I (2004). The trial court then rejected the petitioner's argument that the entire award should be distributed only to him. The court determined that an equal division of this asset is equitable because of: (1) the parties' long-term marriage; (2) the respondent's need to work flexible hours so that she can attend to the needs of the parties' daughter; (3) the fact that the petitioner receives social security income, but the respondent does not; (4) the fact that the petitioner owns his home, while the respondent rents her home; and (5) the equal division of the parties' remaining assets. The trial court specifically ruled that the equal division of the lump sum workers' compensation award "helps to equalize the financial aspects of [divorce on] each party, taking into consideration their access to ongoing income and assets and after reviewing their fixed and discretionary monthly expenses." This appeal followed.

We first address whether the trial court erred when it decided that the petitioner's lump sum workers' compensation settlement is property subject to equitable distribution. We review this determination *de novo. In the Matter of Chamberlin & Chamberlin*, 155 N.H. 13, 16 (2007).

In New Hampshire, by statute, "all tangible and intangible property and assets, real or personal, belonging to either or both parties, whether title to the property is held in the name of either or both parties," is subject to equitable distribution. RSA 458:16-a, I. Property subject to equitable distribution "includes any property acquired up to the date of a decree of legal separation or divorce." *Holliday v. Holliday*, 139 N.H. 213, 215 (1994); *see* RSA 458:16-a, II (2004).

The petitioner argues that because the settlement "replaces income that he would have earned after the dissolution of his marriage, it should not be deemed a marital asset subject to division under RSA 458:16-a, I." In so arguing, he primarily relies upon *In the Matter of Valence and Valence*, 147 N.H. 663 (2002). In *Valence*, we decided that to determine whether unvested stock options "belonged" to the husband upon the dissolution of the parties' marriage, we had to apply a time-based formula to determine the portion of the options that were attributable to his employment during the marriage. *Valence*, 147 N.H. at 667-68. We reasoned that such a formula was necessary because the stock options at issue "may have been a reward for past services, an incentive for future services, or a combination of both." *Id.* at 668. We likened the unvested stock options at issue to certain retirement benefits to which we apply the *Hodgins* formula. *Id.* at 667; *see Hodgins v. Hodgins*, 126 N.H. 711, 715-16 (1985) (superseded on other grounds by RSA 458:16-a, I (1992)).

*Valence* stands in contrast to *In the Matter of Preston and Preston*, 147 N.H. 48 (2001), and *In the Matter of Sukerman & Sukerman*, 159 N.H. 565 (2009). *Preston* concerned the equitable distribution of an annuity issued to the husband in settlement of a personal injury claim; *Sukerman* concerned the equitable distribution of an accidental disability pension benefit. *Preston*, 147 N.H. at 48; *Sukerman*, 159 N.H. at 567. In both cases, we held that the property at issue — the annuity and the pension benefit — was subject to equitable distribution. *Preston*, 147 N.H. at 50; *Sukerman*, 159 N.H. at 567.

In *Preston*, we explained:

> Courts in other jurisdictions have followed one of three approaches to classifying personal injury awards or settlements in this context. The first approach always classifies the award or settlement as the personal and separate property of the injured spouse. Under the second approach, the "analytical approach," whether the award is deemed the separate property of the injured spouse depends upon the purpose of the settlement. If the settlement award is intended to compensate for personal losses, such as pain and suffering, then the award is separate property. If it is intended to compensate for losses to the marital estate, such as lost wages incurred during the marriage, it is marital. The third approach, known as the "mechanistic approach," provides that, "regardless of the underlying purpose of the award or the loss it is meant to replace, if the award or settlement was acquired during the marriage, it is deemed to be marital property."

*Preston*, 147 N.H. at 49 (citations omitted). We observed that the analytical approach is used in jurisdictions that, unlike New Hampshire, classify property as "marital" and "separate," and divide only "marital property." *See id.* at 50. The analytical approach "is popular among community property states." *In re Marriage of McNerney*, 417 N.W.2d 205, 207 (Iowa 1987).

■ The analytical approach, we reasoned, did not fit with New Hampshire's legislative scheme, under which *all* property "belonging to *either* or *both* parties" is subject to equitable distribution. *Preston*, 147 N.H. at 49 (quotation omitted; emphases added). New Hampshire, we explained, "permit[s] the distribution of all of the property of divorcing parties without regard to title, or to when or how acquired." *Id.* (quotations omitted). Accordingly, we held that "the mechanistic approach best comports with New Hampshire's equitable distribution law." *Id.* at 50.

As with personal injury settlements, courts generally apply either the analytical or the mechanistic approach to dividing workers' compensation awards. *See* Annotation, *Divorce and Separation: Workers' Compensation Benefits as Marital Property Subject to Distribution*, 30 A.L.R. 5TH 139, 149-50 (1995). As with personal injury awards, "dual property" jurisdictions, meaning those that classify property as either "marital" or "separate" and divide only "marital" property, tend to apply the analytical approach. *See id.* at 149-50. Jurisdictions such as New Hampshire, which divide "all property that either spouse owns, with no distinction between marital and separate property," *Drake v. Drake*, 725 A.2d 717, 721 (Pa. 1999), tend to apply the mechanistic approach. *See, e.g., Johnson v. Johnson*, 638 S.W.2d 703, 704 (Ky. 1982).

We continue to believe that the mechanistic approach best comports with the statutory definition of "property" subject to equitable distribution. *See Preston*, 147 N.H. at 49-50; RSA 458:16-a, I. Under this approach, if the workers' compensation award was acquired during the marriage, meaning before the decree of divorce or legal separation, it is property subject to equitable distribution. *See Preston*, 147 N.H. at 49; *Johnson*, 638 S.W.2d at 704. "While some differences exist between a personal injury award and a workers' compensation award, the overall approach" in *Preston* "is generally compatible with treating workers' compensation benefits as a divisible asset." *In re Marriage of Schriner*, 695 N.W.2d 493, 497-98 (Iowa 2005). Had the legislature wanted to exclude workers' compensation benefits from the definition of "property" for equitable division purposes, it could have done so. *See id.* at 498.

■ Here, the trial court found that the petitioner obtained his lump sum award the day before he filed for divorce. Thus even if, as the petitioner

urges, the date on which he filed for divorce determines the property subject to equitable distribution, *but see Holliday*, 139 N.H. at 215, he acquired the award during the marriage, making it subject to equitable distribution.

The petitioner "seeks to avoid this outcome by claiming that workers' compensation benefits are not actually property, but income." *Schriner*, 695 N.W.2d at 498. "Moreover, he asserts his specific compensation award largely represented future income." *Id.*

■ We recognize that workers' compensation benefits are considered "income" for child support purposes. *See* RSA 458-C:2, IV (2004). This does not mean, however, "that benefits received and retained during the marriage cannot be considered property at the time of the divorce." *Schriner*, 695 N.W.2d at 498. "Child support is mainly predicated upon earnings, but retained earnings ultimately become property." *Id.*

■ Additionally, "[w]e acknowledge that future earnings of a spouse from employment are not considered to be property at the time of the divorce." *Id.*; *see Valence*, 147 N.H. at 667. "However, even if workers' compensation proceeds represent future earnings, once received and retained during the marriage," the proceeds become property subject to equitable distribution. *Schriner*, 695 N.W.2d at 498. "As property of the marriage, we do not attempt to apportion the proceeds received between lost earnings before the divorce and earnings after the divorce" under the approach we adopted in *Preston*. *Id.* Workers' compensation proceeds "become part of the divisible estate when received and retained during the marriage, just as other income becomes property when received and retained during the marriage." *Id.*

The petitioner asks that we carve out an exception to our general rule that the mechanistic approach applies, as we did in *Valence*. He argues that his lump sum award is similar to the unvested stock options in *Valence*. We disagree.

In *Valence*, a formula was necessary because, without it, we could not determine whether the unvested stock options even "belonged" to the husband upon the dissolution of his marriage. No such formula is required here. The petitioner's lump sum award "belonged" to him as soon as he received it — the day before he filed for divorce. Moreover, unlike the unvested stock options in *Valence*, the petitioner's lump sum award is an ascertainable, fixed amount of money. Accordingly, just as there is no need to rely upon the *Hodgins* formula to divide a retirement account when the value of the account is ascertainable, *In the Matter of Watterworth & Watterworth*, 149 N.H. 442, 452 (2003), so too is there no need to rely upon

the *Valence* formula when, as in this case, the value of the petitioner's lump sum award is fixed and ascertainable, and his ownership of it is clear.

The petitioner urges us to abandon the mechanistic approach in favor of the analytical approach, asserting that "the analytical approach has been viewed as the more enlightened view." (Quotation omitted.) He argues that the analytical approach is "inherently fairer and more accurate than the mechanistic [approach] because [it] requires more precise consideration of the economic components of an award, settlement, or other monetary asset." We disagree.

As the petitioner concedes, "[c]omparably just results may be reached under the mechanistic approach" when the trial court considers how to equitably divide the parties' assets. *See Holliday*, 139 N.H. at 216 ("[A]fter considering the parties' property in its entirety and the enumerated special circumstances, [the trial court] may find, in its sound discretion, that equitable distribution of a marital asset means awarding it, in whole, to one party."). Moreover, regardless of which approach is the "more enlightened," we must adopt that which is most consistent with our statutory scheme. "It was the legislature's intent that *any* property acquired up to the date of a decree of legal separation or divorce would be subject to equitable distribution," regardless of whether the property belongs to only one or to both spouses. *Preston*, 147 N.H. at 51. We must adopt the approach that furthers this intent.

■ Having concluded that the petitioner's lump sum workers' compensation award is subject to equitable distribution, we now address whether the trial court's distribution of it was equitable. We afford trial courts broad discretion in determining matters of property distribution in fashioning a final divorce decree. *In the Matter of Salesky & Salesky*, 157 N.H. 698, 708 (2008). We review the trial court's division of the parties' assets under our unsustainable exercise of discretion standard. *Chamberlin*, 155 N.H. at 16. If the court's findings can reasonably be made on the evidence presented, they will stand. *Salesky*, 157 N.H. at 708.

■ "RSA 458:16-a, II creates a presumption that equal distribution of marital property is equitable." *In the Matter of Henry & Henry*, 163 N.H. 175, 183 (2012) (quotation omitted). Absent special circumstances, the court must make the distribution as equal as possible. *Id.*

■ "The statute enumerates various factors for the court to consider, such as the length of the marriage, the ability of the parties to provide for their own needs, the needs of the custodial parent, the contribution of each party during the marriage and the value of property contributed by each party." *Id.* (quotation omitted); *see* RSA 458:16-a, II. The trial court need

not consider all of the enumerated factors or give them equal weight. *Watterworth*, 149 N.H. at 453. Additionally, the court may consider "[a]ny other factor [it] deems relevant" in equitably distributing the parties' assets. RSA 458:16-a, II(o). A trial court is not precluded, however, from awarding a particular asset in its entirety to one party. *Henry*, 163 N.H. at 183.

█ In this case, the trial court considered the statutorily enumerated factors and determined that an equal distribution of the petitioner's lump sum award was equitable. The record supports the trial court's determination. *See Watterworth*, 149 N.H. at 453.

The petitioner argues that the trial court "selectively listed certain assets of the parties, without quantifying them." As an example, he asserts: "The court said that the [petitioner] benefits from home ownership, but omits mention, on the other side of the ledger, of the liabilities inherent in owning a home." The petitioner reasons that without quantifying these assets and liabilities, the court's finding that it was equitable to divide his workers' compensation award equally lacks justification.

█ RSA 458:16-a, IV (2004) requires the trial court to "specify written reasons for the division of property which it orders." "Further, if the court concludes that an unequal distribution of property is warranted, it should state its reasons and make specific findings and rulings supporting its decision." *In the Matter of Dube & Dube*, 163 N.H. 575, 582 (2012) (quotation omitted). "A court can satisfy these requirements by citing facts from the record that reflect the factors listed in RSA 458:16-a." *Id.*

█ Here, the trial court ruled that an equal division of the petitioner's workers' compensation award was equitable. To support its decision, the trial court referenced several of the factors set forth in RSA 458:16-a (2004). For example, the court observed that the parties had a long-term marriage. *See* RSA 458:16-a, II(a). The court also found that the respondent needed to work flexible hours so as to attend to the needs of the parties' special needs adult child. *See* RSA 458:16-a, II(d). The court also examined the fact that the petitioner receives social security income, but that the respondent does not, and that the petitioner owns his own home, while the respondent rents a home. *See* RSA 458:16-a, II(b). The court further considered the fact that the parties' remaining assets had been divided equally. *See id.* Given the record and the court's narrative order, we conclude that the trial court made sufficient written findings to support its equal apportionment of the petitioner's workers' compensation award.

The petitioner also asserts that the trial court "failed to consider crucial factors in deciding how to apportion" his workers' compensation award. For

instance, he argues, the court failed to consider the respondent's $45,198 salary and her ability to "augment her income in the future."

In effect, the petitioner asks this court to reweigh the equities in this case and divide the workers' compensation award accordingly. This is not our role on appeal. *See Town of Atkinson v. Malborn Realty Trust*, 164 N.H. 62, 68 (2012). Our role is only to determine whether the trial court's decision was a sustainable exercise of discretion, meaning that we review "only whether the record establishes an objective basis sufficient to sustain the discretionary judgment made." *In the Matter of Miller & Todd*, 161 N.H. 630, 640 (2011) (quotation omitted). We "will not disturb the trial court's determination if it could reasonably be made." *Id.* (quotation omitted). Based upon our review of the record submitted on appeal, we conclude that the trial court's distribution of the petitioner's award constitutes a sustainable exercise of discretion.

At oral argument, the petitioner contended that the trial court's division of his workers' compensation award was premised upon incorrect factual findings, such as those concerning the ownership status of the home in which he lives. We decline to review this argument because he has neither briefed it nor demonstrated that he raised it in the trial court. *See In re Estate of King*, 149 N.H. 226, 230 (2003) (issues not briefed are deemed waived); *Bean v. Red Oak Prop. Mgmt.*, 151 N.H. 248, 250 (2004).

*Affirmed.*

HICKS, CONBOY, LYNN and BASSETT, JJ., concurred.