**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0306, <u>In the Matter of Judith Desmarais and Timothy Desmarais</u>, the court on February 22, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The respondent, Timothy Desmarais (husband), appeals the final decree of the Circuit Court (<u>Moore</u>, J.) in his divorce from the petitioner, Judith Desmarais (wife).  The husband argues that the trial court erred in: (1) ordering him to pay the first mortgage on the marital residence and $650 per month in alimony for 36 months after the sale of the home; (2) ordering him to pay child support according to the guidelines from July 31, 2013; (3) awarding the wife one-half of the value of his recently-acquired retirement account; and (4) dividing the marital estate unequally.  The wife cross-appeals, arguing that the trial court erred to the extent that it did not require the husband to pay the first mortgage and alimony for 36 months after the sale.

The husband first argues that the trial court erred to the extent that it ordered him to pay the first mortgage on the marital residence as part of his obligation in lieu of alimony, and to pay $650 per month in alimony for 36 months after the sale of the home.  The trial court is afforded broad discretion in awarding alimony.  <u>In the Matter of Nassar & Nassar</u>, 156 N.H. 769, 772 (2008).  We will not overturn its decision absent an unsustainable exercise of discretion.  <u>Id</u>.

In his proposed alimony order, the husband offered to pay the installments due on the home equity line of credit and homeowners' insurance on the marital residence until September 1, 2016.  He proposed paying the wife $650 per month in alimony until September 30, 2016, if the home is sold prior to September 1, 2016.  In its decree, the trial court adopted the husband's proposed alimony order, except that it ordered him to pay $650 per month in alimony for 36 months after the sale of the marital residence.

In his motion to reconsider and clarify, the husband argued that the trial court erred in extending alimony for 36 months after the sale of the marital residence given that, in its July 31, 2013 decree, which we vacated and remanded in a prior appeal, the trial court found that after 36 months, or by July 31, 2016, "alimony will no longer be needed, as the parties' minor children

will be out of the marital residence, and there is no reason why the [wife] cannot find more suitable employment." The husband also noted in his motion that the trial court's final decree was inconsistent in that the court adopted the wife's proposed order regarding the marital residence, in which she proposed that the husband's payments in lieu of alimony include payment of the first mortgage.

In ruling on the husband's motion to reconsider, the trial court granted the husband's request to:

> Modify its alimony award to order that, in lieu of cash alimony, [the husband] shall pay the parties' [home equity line of credit], and home insurance costs through September 30, 2016, and, if the house sells prior to September 30, 2016, pay to [the wife] Six Hundred and Fifty Dollars ($650) per month until September 30, 2016, and, further, until September 2015, pending payment of principal towards the [home equity line of credit], [the husband] shall pay cash alimony to [wife] of $650 per month until he is required to make said principal payments.

In her cross-appeal, the wife argues that, given the husband's failure to specifically request reconsideration of the section of the court's order regarding the marital residence, the husband remains obligated to pay the first mortgage, and that the court's orders also should be construed to require him to pay $650 per month in alimony for 36 months after the sale of the residence.

The interpretation of a trial court's order is a question of law, which we review de novo. In the Matter of Salesky & Salesky, 157 N.H. 698 (2008). We construe the trial court's order with reference to the issues it was meant to decide. Id. at 703. In this case, the wife's interpretation of the trial court's decree is inconsistent with its decision to reconsider and modify its alimony award. We construe the court's order on reconsideration to modify its decree and to clarify that the husband is not required to pay the first mortgage on the marital residence or to pay alimony after September 30, 2016. To the extent that the wife argues that the court unsustainably exercised its discretion in modifying its alimony award upon reconsideration, we conclude that the trial court's decision constitutes a sustainable exercise of its discretion. See Walker v. Walker, 158 N.H. 602, 607 (2009); Nassar, 156 N.H. at 772.

The husband next argues that the trial court erred in ordering him to pay child support according to the child support guidelines from July 31, 2013, the date of its earlier decree. We will uphold the trial court's decision with respect to child support unless it is unsupported by the evidence or tainted by an error of law. In the Matter of Hampers & Hampers, 154 N.H. 275, 283 (2006).

2

In our order vacating and remanding the trial court's earlier decree, we concluded that the trial court erred in calculating the husband's income for child support purposes. See In the Matter of Judith Desmarais and Timothy Desmarais, No. 2013-0748 (N.H. August 22, 2014). Upon remand, the trial court recalculated the husband's income and ordered him to pay the guidelines amount of child support beginning July 31, 2013, the date of its earlier decree. On appeal, the husband argues that the court erred in requiring him to pay the guidelines amount of child support for the period between the first decree and the second decree because the temporary order in effect during that period required him to pay only $150 per week in child support, and the trial court previously denied the wife's request that that first decree serve as a temporary support order pending appeal.

To the extent that the husband argues that the court lacked the authority to order him to pay the guidelines amount of child support starting July 31, 2013, we disagree. The trial court has the authority to modify its temporary orders prior to final judgment to correct errors or prevent injustice. In the Matter of Stapleton & Stapleton, 159 N.H. 694, 696-97 (2010). The trial court's final decree may differ from its temporary orders. Id. at 697. To the extent that the husband argues that the trial court unsustainably exercised its discretion in ordering him to pay the guidelines amount of child support during that period, we disagree. The court's order credits the husband's payments of $150 per week in child support during that period as an offset to the arrearage. The husband argues that the credit should be greater because under the temporary orders, he also paid during that period the wife's health and dental insurance, life insurance for the family, and the family cell phone, and that the trial court found, on a temporary basis, that these payments supported the downward adjustment in child support. However, as previously noted, the trial court has the authority to revise its temporary orders, and we conclude that in the exercise of its discretion, it was not required to include these other payments in determining the offset for his child support arrearage. See In the Matter of Hennessey-Martin & Whitney, 151 N.H. 207, 212 (2004).

The husband next argues that the trial court erred in awarding the wife one-half of the value of the retirement account he acquired from his new employer during the parties' separation, which had a value of approximately $12,000 at the time of the remand hearing. The husband does not argue that the account is not a marital asset. See In the Matter of Heinrich & Heinrich, 164 N.H. 357, 359 (2012) ("Property subject to equitable distribution includes any property acquired up to the date of a decree of legal separation or divorce.") (quotation omitted). He argues instead that, as an equitable matter, the trial court should not have divided this asset equally because his parents, by "attaching" their bank account to cover his overdrafts, allowed him to open this account and take advantage of his employer's matching contributions, and he still owes them approximately $2,800 for such overdrafts. He also asserts that he borrowed approximately $3,000 from this account and still owes

3

approximately $2,700 on the loan. We afford trial courts broad discretion in determining matters of property distribution in fashioning a final divorce decree. In the Matter of Hampers & Hampers, 154 N.H. 275, 285 (2006). We will not overturn the trial court's decision absent an unsustainable exercise of discretion. Id. As discussed in more detail below, the division of the parties' marital estate involved more than this one retirement account. Based upon this record, we cannot conclude that the trial court unsustainably exercised its discretion in dividing this asset equally under the circumstances. See id.

Finally, the husband argues that the trial court erred in its division of the marital estate, including marital debts. He asserts that the net value of the wife's share of the estate, including debts assigned to her, is approximately $63,000, while his net share has no value, given the debts assigned to him. The wife disputes the accuracy of the figures the husband uses to support his argument, denies his assertion that creditors have released her from most of her debt obligations, and raises a number of factors justifying an unequal division of the estate.

There are a number of factors the court may consider in dividing the marital estate, including: the length of the marriage, the needs and liabilities of each party, and the opportunity of each party for future acquisition of capital assets and income. See RSA 458:16-a, II (2004). The trial court may allocate responsibility for debts in a manner it deems equitable. See In the Matter of Costa & Costa, 156 N.H. 323, 327-28 (2007) (affirming trial court's assignment of approximately $252,000 in debt to petitioner that might otherwise have been assignable in whole or in part to respondent). We will not overturn the trial court's decision absent an unsustainable exercise of discretion. Hampers, 154 N.H. at 285.

In this case, the trial court considered, among other factors, the parties' incomes, each party's contribution to the accumulation of marital debt, and the wife's needs as the custodial parent. See RSA 458:16-a, II. The court awarded the wife a share of the estate that includes the household furnishings, the vehicle in her possession, the larger of the two retirement accounts acquired during the marriage (valued at approximately $32,000), and one-half of the retirement account the husband acquired during the parties' separation. The husband's share of the estate includes the vehicle in his possession, the smaller of the two retirement accounts acquired during the marriage (valued at approximately $12,000), and one-half of the recently acquired retirement account. Any proceeds from the sale of the marital home will be divided equally. Each party is responsible for the debts in his or her name.

In effect, the husband is asking this court to reweigh the equities in the case and to award him a greater share of the marital estate. However, on appeal, "[o]ur role is only to determine whether the trial court's decision was a sustainable exercise of discretion, meaning that we review only whether the

4

record establishes an objective basis sufficient to sustain the discretionary judgment made." <u>Heinrich</u>, 164 N.H. at 365. Based upon our review of the record, we conclude that the trial court's property division constitutes a sustainable exercise of discretion. <u>See</u> <u>id</u>.

We have considered the husband's remaining arguments, and have concluded that they do not warrant further discussion. <u>See</u> <u>Vogel v. Vogel</u>, 137 N.H. 321, 322 (1993).

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**