# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0656, <u>In the Matter of Tanya Braga-Pillsbury and Mickey Pillsbury</u>, the court on July 13, 2018, issued the following order:**

The respondent's motion to strike portions of the petitioner's appendix is denied.

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, Tanya Braga-Pillsbury (wife), appeals an order of the Circuit Court (<u>Yazinski</u>, J.) distributing marital property in her divorce from the respondent, Mickey Pillsbury (husband). She contends that the trial court erred by not: (1) considering certain real estate gifted to the husband as marital property; and (2) dividing the marital property equally.

We first address whether the trial court included all the parties' real estate as marital property. We review the trial court's determination of what assets are marital property <u>de novo</u>. <u>In the Matter of Eckroate-Breagy & Breagy</u>, 170 N.H. 247, 250 (2017). Pursuant to RSA 458:16-a, I (2004), "all tangible and intangible property and assets, real or personal, belonging to either or both parties, whether title to the property is held in the name of either or both parties," is subject to equitable distribution. <u>In the Matter of Heinrich & Heinrich</u>, 164 N.H. 357, 359 (2012). Regardless of the source, all property owned by each spouse at the time of divorce is to be included in the marital estate. <u>In the Matter of Geraghty & Geraghty</u>, 169 N.H. 404, 418 (2016).

The wife contends that the trial court excluded from the marital property the family farm gifted to the husband by his parents, subject to their life estate, approximately 12 years before the marriage. The record does not reflect that the wife raised this issue in the trial court. <u>See</u> <u>Town of Atkinson v. Malborn Realty Trust</u>, 164 N.H. 62, 69 (2012). In fact, her motion for reconsideration was premised upon her understanding that the farm was included as marital property. For example, the motion contained two tables captioned "Marital Property and Division," both of which include the farm.

Even if the wife had raised this issue, we conclude that the record does not establish that the trial court excluded the farm from the property distribution. The wife relies upon the trial court's statement that the husband owned the farm and his requests for findings of fact, which the court granted, that his interest in

the farm was "in the nature of a future inheritance" and that he owned the farm as "separate property," to argue that the court excluded the farm. However, none of these points establishes that the trial court did not include the farm in the marital estate; under RSA 458:16-a, I, even a spouse's separate property is considered marital property. See Heinrich, 164 N.H. at 361.

The trial court stated that, although the parties had placed their property into a revocable trust, it had "discussed and treat[ed] the parties' property as if it belonged to them personally." From this finding, we conclude that the trial court's references to the husband's ownership of the farm merely identified the source of the asset. See Geraghty, 169 N.H. at 418 (stating trial court has discretion to consider when and by whom property was acquired in determining its distribution); In the Matter of Salesky & Salesky, 157 N.H. 698, 702 (2008) (stating interpretation of trial court order is question of law, which we review de novo).

We next address whether the trial court erred in dividing the marital property unequally and awarding the husband the farm. The trial court has broad discretion in determining matters of property distribution when fashioning a final divorce decree. Geraghty, 169 N.H. at 417. Marital property is not to be divided by some mechanical formula, but in a manner deemed just based upon the evidence presented and the equities of the case. Id. Under RSA 458:16-a, II (2004), an equal division of property is presumed equitable unless the trial court decides otherwise after considering one or more of the factors designated in the statute. Geraghty, 169 N.H. at 417.

RSA 458:16-a, II enumerates various factors the trial court may consider, including: the parties' ages; each party's contribution during the marriage to the value of property owned by either or both parties; the value of any property acquired by a party by gift or prior to the marriage; and each party's ability to acquire assets and income in the future. RSA 458:16-a, II(b), (c), (f), (m), (n). The trial court may also consider any other relevant factor. RSA 458:16-a, II(o). It need not consider all the statutory factors or give them equal weight. Geraghty, 169 N.H. at 417.

In reviewing the trial court's distribution of marital property as part of a final decree of divorce, our role is not to reweigh the equities and divide the property accordingly. Heinrich, 164 N.H. at 365. Rather, our limited role is to determine whether the trial court's decision was a sustainable exercise of discretion, meaning that we review only whether the record establishes an objective basis sufficient to sustain the trial court's discretionary judgment. Id. If the court's findings can reasonably be made on the evidence presented, they will stand. Salesky, 157 N.H. at 708.

The trial judge is in the best position to evaluate the evidence and to measure its persuasiveness. Id. The trial court may award a particular asset in

2

its entirety to one party, In the Matter of Henry & Henry, 163 N.H. 175, 183 (2012), and may award inherited property to the party who inherited it, if the court concludes that such an award is equitable, Henderson v. Henderson, 121 N.H. 807, 810 (1981).

In this case, the trial court considered that the wife was approximately 20 years younger than the husband and the husband's age and potential retirement. Accordingly, it found that the wife, who was employed full-time, had "the ability to accumulate assets over the course of the next 20 years." It further found that the wife had "contributed nothing to the upkeep or improvement of" the farm and that "it would be inappropriate and inequitable to award her any share of that property." See RSA 458:16-a, II(b), (c), (f), (m), (n), (o).

Although the trial court found that the husband had "worked long and hard to enhance the [marital home] and invested both time and resources in it," it awarded him less than one-third of the equity. The parties agreed on the distribution of their retirement accounts, their other major asset.

The wife argues that the trial court should have awarded her an equal share of the marital estate by ordering the husband to pay her a portion of the value of the farm. However, the trial court based its decision to award the parties unequal shares upon the statutory factors. The wife argues that: (1) the husband should have received none of the equity in the marital home, although she acknowledges that "both parties contributed to the creation of that asset"; (2) she liquidated her retirement fund to pay the husband his share of the equity; (3) the trial court should have considered the parties' access to cash; (4) the parties intended to retire to the farm; (5) the husband placed the farm into the revocable trust, thereby gifting her an interest in it; (6) the husband's income is larger than hers; (7) the parties were married for 10 years; and (8) the husband could have requested a prenuptial agreement reserving the farm to himself. However, none of these points compelled the trial court to divide the marital property equally or to award the wife a portion of the farm. See Henry, 163 N.H. at 183; Henderson, 121 N.H. at 810.

Accordingly, on this record, we conclude that the record establishes an objective basis sufficient to sustain the trial court's discretionary judgment dividing the marital property unequally. See Heinrich, 164 N.H. at 365.

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**

3