# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0707, <u>In the Matter of Daniela Gamboa Soriano and Benjamin Ross</u>, the court on September 27, 2019, issued the following order:**

Having considered the brief filed by the petitioner, Daniela Gamboa Soriano, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The petitioner appeals from the final orders recommended by a marital master (<u>DalPra</u>, M.) and approved by the Circuit Court (<u>Forrest</u>, J.) in her divorce from the respondent, Benjamin Ross. On appeal, the petitioner argues that the trial court erred by: (1) finding that the respondent earns $1,700 monthly; (2) deviating downward from the child support guidelines amount based upon its finding that awarding child support at the guidelines amount would result in a confiscatory order because of the respondent's low income; (3) not awarding her attorney's fees after finding the respondent in contempt for failing to timely pay child support; and (4) deciding, without holding an evidentiary hearing, her post-decree motion seeking permission to travel to her home country (Chile) with the children in December 2018 and other relief. We affirm.

The trial court found the following facts. The parties were married in 2012 and separated in 2017. They have two children, who, at the time of the divorce were six years old and eight months old. The petitioner is unemployed; the respondent is employed as a bartender and earns approximately $1,700 monthly, including tips. At the time of the parties' divorce hearing, the respondent's child support obligation was in arrears by more than $3,900.

Following an evidentiary hearing, the trial court ordered the respondent to pay child support in the amount of $100 weekly, which is $23 less per week than the guidelines amount. The trial court also ordered the respondent to pay $20 per week towards his arrearage. The trial court determined that a downward deviation from the guidelines amount was proper because the respondent's "low income would make [the] guidelines amount confiscatory." The trial court found the respondent "in contempt for failing to timely pay child support," but denied the petitioner's request for an award of attorney's fees.

The petitioner subsequently moved for reconsideration, arguing, among other things, that the trial court erred when it failed to award her attorney's fees, despite having found the respondent in contempt for failing to timely pay child support. The petitioner also argued that the respondent was in contempt of the parties' temporary decree for failing to have paid rent.

The trial court denied the petitioner's motion for reconsideration, observing that, as to her request that the court find the respondent in contempt for failing to pay rent, "[n]o contempt was entered as the evidence disclosed that the Respondent was financially unable to . . . afford the rent as ordered." This appeal followed.

The trial court has broad discretion in determining child support when fashioning a final divorce decree. In the Matter of Crowe & Crowe, 148 N.H. 218, 221 (2002). We review its decisions on such matters under our unsustainable exercise of discretion standard, see In the Matter of Costa & Costa, 156 N.H. 323, 326 (2007), which means that we review only whether the record establishes an objective basis sufficient to sustain the discretionary judgment made. In the Matter of Kurowski & Kurowski, 161 N.H. 578, 585 (2011). We will not disturb the trial court's determination if it could reasonably have been made. Id. The trial court's discretion necessarily extends to matters such as assigning weight to evidence and assessing the credibility and demeanor of witnesses. Id. Conflicts in testimony, questions about the credibility of witnesses, and the weight assigned to testimony are matters for the trial court to resolve. Id. The trial court's factual findings are binding upon this court if they are supported by the evidence and are not legally erroneous. See id.

"Our standard of review is not whether we would rule differently than the trial court, but whether a reasonable person could have reached the same decision as the trial court based upon the same evidence." Cook v. Sullivan, 149 N.H. 774, 780 (2003). We will not substitute our judgment for that of the trial court. See Brent v. Paquette, 132 N.H. 415, 419 (1989). Nor will we reweigh the equities. In the Matter of Heinrich & Heinrich, 164 N.H. 357, 365 (2012).

We first address the trial court's finding that the respondent earns $1,700 monthly. The petitioner argues that the evidence does not support this finding and asserts that the trial court should have, instead, used the monthly income figures it used for its temporary orders. However, the respondent testified at the parties' final hearing that the amount of his income changed since the temporary orders were issued. He testified that he is "only working one job now," that he is "no longer running" the small business he formerly ran, and that his only source of income is his full-time employment as a bartender. The respondent testified that he generally works five days a week, from 4:00 p.m. to 1:00 or 2:00 a.m., and that he is paid $3.25 per hour, plus tips. He testified that "[t]he tips make up the majority of [his] income," and that the amount of tips varies weekly. The respondent testified that at his previous job, his weekly income, including tips, ranged from $300 to $1000. Moreover, the respondent submitted a financial affidavit in which he stated that his monthly income, including tips, is $1,700. Based upon this record, we

conclude that it was reasonable for the trial court to find that the respondent earns $1,700 monthly.

We next consider whether the trial court erred by ordering a downward deviation from the child support guidelines. New Hampshire's child support guidelines, codified in RSA chapter 458-C, establish a uniform system to determine the amount of child support awards. In the Matter of Silva & Silva, 171 N.H. 1, 4 (2018). The purpose of RSA chapter 458-C is not only to ensure uniformity in determining the amount of child support, but also to ensure that both the custodial and non-custodial parents share in the support responsibility for their children, according to the relative percentage of each parent's income. Id. There is a rebuttable presumption that a child support award calculated under the guidelines is the correct amount of child support. Id.; RSA 458-C:4, II (2018). This presumption may be overcome, and the trial court may deviate from the guidelines, when a party shows by a preponderance of the evidence that the application of the guidelines would be "unjust or inappropriate," RSA 458–C:4, II, because of "[s]pecial circumstances," RSA 458-C:5, I (2018). If the trial court deviates from the guidelines, it must "make a written finding as to why a special circumstance pursuant to RSA 458-C:5 justifies an adjustment from the child support guidelines to avoid an unjust or inappropriate result." Silva, 171 N.H. at 4 (quotation omitted); see RSA 458-C:4, II.

RSA 458–C:5, I, includes a non-exhaustive list of special circumstances that, if raised by a party or the court, the court shall consider in making an adjustment that deviates from the child support guidelines. The trial court must consider any special circumstances "in light of the best interests of the child." RSA 458-C:5, I. One of the enumerated special circumstances is the "[s]ignificantly high or low income of the obligee or obligor." RSA 458-C:5, I(b). "In considering an adjustment when one or both parents have low income, the court shall determine how to optimize use of the parents' combined incomes to arrive at the best possible outcome for the child or children, provided that the basic support needs of the child or children are met." RSA 458-C:5, I(b)(2).

In the instant matter, the trial court specified that a downward deviation was warranted because the respondent's "low income would make [the] guidelines amount confiscatory." In light of this finding, the court ordered the respondent to pay $100 in weekly child support, instead of the guidelines amount of $123. The trial court's child support guidelines worksheet shows that, with the self-support reserve, the respondent has only $537 in monthly income available for support.

The petitioner argues that there is no evidentiary support for the downward deviation. However, as previously discussed, the respondent's testimony supports the trial court's finding that his gross monthly income is only $1,700. To the extent that she argues that because the respondent has $537 in monthly income available for support and because the guidelines

3

amount would have required him to pay only $532 in monthly child support, the trial court should have ordered him to pay the guidelines amount, we disagree. Rather, we conclude that the trial court reasonably could have found that leaving the respondent only $5 in income over the self-support reserve would have been confiscatory and unfair under the circumstances of this case. To the extent that the petitioner asserts that the trial court must have failed to consider the children's best interests because it did not mention their best interests when it ordered the downward deviation, we note that we assume that the trial court made all subsidiary findings necessary to support its decision. See In the Matter of Kosek & Kosek, 151 N.H. 722, 725 (2005).

We next consider the trial court's failure to award the petitioner her reasonable attorney's fees pursuant to RSA 458:51 (2018), after finding that the respondent was in contempt for failing to timely pay child support. RSA 458:51 mandates an award of attorney's fees in any proceeding under RSA chapter 458, when the trial court finds that a party "has failed without just cause to obey a prior order or decree." We review the trial court's decision under our unsustainable exercise of discretion standard. In the Matter of Martel & Martel, 157 N.H. 53, 63 (2008).

Although the trial court offered no justification for denying the petitioner's request for an attorney's fee award pursuant to RSA 458:51, we must assume that the trial court made all factual findings necessary to support its decision. See Smith v. Lillian V. Donahue Trust, 157 N.H. 502, 508 (2008) ("Although the trial court did not expressly make this finding, we assume it made all subsidiary findings necessary to support its decision."). Thus, we assume that the trial court denied the petitioner's attorney's fee request because it found that the respondent had just cause to disobey its prior orders. See RSA 458:51.

The trial court's implicit finding is supported by the respondent's testimony at the hearing. The respondent testified that, since the temporary orders were entered, his income changed and that he failed to pay child support as required by those orders because he simply lacked the funds to do so. Based upon this testimony, the trial court reasonably could have found that, under these circumstances, the respondent's failure to comply with its prior orders was not "without just cause." Thus, having impliedly found that the respondent did not act "without just cause," the trial court sustainably exercised its discretion by denying the petitioner's request for attorney's fees under RSA 458:51.

We next address the trial court's failure to hold an evidentiary hearing on the petitioner's post-decree motion seeking permission to travel to her home country (Chile) with the children in December 2018 and other relief. The petitioner argues that the trial court violated her constitutional rights to procedural due process by deciding her post-decree motion without a hearing.

In considering the petitioner's argument, we assume without deciding that the trial court's decision on the petitioner's post-decree motion is properly before us in this appeal.  But see Sup. Ct. R. 3 (defining a "mandatory appeal" as not including an appeal from a post-decree order in a domestic relations case).

It is a long-standing rule that parties may not have review of issues that they did not raise in the trial court.  Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004).  It is the burden of the appealing party, here the petitioner, to demonstrate that the arguments she raises on appeal were raised in the trial court.  Id.; Sup. Ct. R. 16(3)(b).  The trial court must have had the opportunity to consider any issues asserted on appeal; thus, any issues which could not have been presented to the trial court prior to its decision must be presented to it in a motion for reconsideration.  See N.H. Dep't of Corrections v. Butland, 147 N.H. 676, 679 (2002).

The record on appeal does not demonstrate that the petitioner sought reconsideration of the denial of her motion for permission to travel or argued to the trial court that the court's failure to hold a hearing on her post-decree motion deprived her of procedural due process.  Thus, because the petitioner has failed to establish that she preserved this argument for our review, we decline to address it.  We similarly decline to address the petitioner's assertion that the trial court's failure to hold an evidentiary hearing constituted an unsustainable exercise of discretion.  The record submitted on appeal does not demonstrate that the petitioner presented to the trial court her argument that its failure to hold an evidentiary hearing on her post-decree motion constituted an unsustainable exercise of discretion.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**

5