# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0642, <u>In the Matter of James Lagace and Katharine Lagace</u>, the court on November 17, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  See <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, James Lagace (husband), appeals the final decree of the Circuit Court (<u>McIntyre</u>, J.) in his divorce from the respondent, Katharine Lagace (wife), arguing that the trial court erred in: (1) awarding alimony for an unreasonably lengthy period; (2) failing to consider the contributions of the parties' adult children to the wife's household expenses; (3) failing to consider the allocation of the marital debt and the requirement that he maintain life insurance; (4) requiring him to maintain $250,000 in life insurance for the benefit of the wife; (5) ordering him to pay the balance due on a credit card that was used in the past by the wife to pay her attorney's fees; and (6) not dividing the marital estate equitably.

The husband first argues that the trial court erred in awarding alimony for a period of thirteen years after child support terminates, even if he elects to retire before alimony terminates.  The trial court is afforded broad discretion in awarding alimony.  <u>In the Matter of Nassar & Nassar</u>, 156 N.H. 769, 772 (2008).  We will not overturn the trial court's decision absent an unsustainable exercise of discretion.  <u>Id</u>.  At the outset, we note that neither party challenges the trial court's decision to apply the alimony statutes effective June 25, 2018.  <u>See</u> RSA 458:19 to RSA 458:19-c (Supp. 2019).

RSA 458:19-a, III (Supp. 2019) provides that "[t]he maximum duration of term alimony shall be 50 percent of the length of the marriage, unless the parties agree otherwise or the court finds that justice requires an adjustment." The record shows that the parties were married for 29 years.  The trial court awarded alimony for roughly 50 percent of the length of the marriage.  The husband argues that his alimony obligation will not end until he is 66 years old, and that although he has no plan to retire prior to age 66, "an unexpected and unforeseeable change in his ability to continue working might occur, forcing hi[m] to stop working."  RSA 458:19-aa (Supp. 2019) provides that the court may modify the duration of alimony based upon clear and convincing evidence that there has been "a substantial and unforeseeable change of circumstances since the effective date of the alimony order."  RSA 458:19-aa,

I(a)(1).  Although the court ordered that the husband's alimony obligation "shall not be diminished" if he elects to retire prior to age 66, nothing in the order precludes him from seeking modification of alimony based upon a substantial and unforeseeable change of circumstances.  See id.  Accordingly, we find no error.

The husband next argues that the trial court erred in failing to consider in its award of alimony the contributions of the parties' two adult children to the wife's household expenses.  The wife testified that each adult child contributes $200 per month for health insurance and $50 per month for cellphone use.  One of the children also contributes $50 per month for his car insurance.  The mother testified that the children also contribute by "buy[ing] dinners."  We reject the husband's argument that such payments constituted income to the wife requiring the court to adjust its alimony award.  Accordingly, we find no error.  See In the Matter of Nassar, 156 N.H. at 772.

The husband next argues that the trial court erred in its alimony order, given its allocation of the marital debt and the requirement that he maintain life insurance.  The trial court has discretion to allocate responsibility for debts in the manner it deems equitable, see In the Matter of Costa & Costa, 156 N.H. 323, 327-28 (2007), and to require security for payments required by the decree, see In the Matter of Sarvela & Sarvela, 154 N.H. 426, 436-37 (2006).  The husband argues that the court erred by ordering him to pay the alimony awarded in addition to debts totaling $35,460, and to maintain a $250,000 life insurance policy for the benefit of the wife for the duration of his obligations under the decree, as well as a $25,000 life insurance policy for the benefit of the parties' minor son for the term of his child support obligation.  The trial court ordered the wife to be responsible for other debts, including the home mortgage, the home equity line of credit, and any debts she incurred since the date of separation, including her attorney's fees.  The court found this to be a "just distribution."  Based upon this record, we cannot conclude that the trial court unsustainably exercised its discretion.  See In the Matter of Nassar, 156 N.H. at 772.

The husband next argues that the court's order requiring him to maintain $250,000 in life insurance for the benefit of the wife is unreasonable. RSA 458:19-aa, IV (Supp. 2019) provides that the court may require "reasonable security for the payments due the payee in the event of the payor's death prior to the completion of payments."  The husband concedes that his alimony obligation for the thirteen-year period after child support ends totals $312,000, which is greater than the amount of life insurance he was ordered to maintain.  He argues, however, that after three years of alimony payments, the balance of his alimony obligation will be less than $250,000.  We conclude that the trial court's life insurance order constitutes reasonable security for the alimony payments due at this time.  See RSA 458:19-aa, IV.

The husband next argues that, given the trial court's order requiring each party to be responsible for his or her attorney's fees, the court erred in ordering him to pay the balance due on a credit card that was used by the wife to pay her attorney's fees. We note, however, that when the husband raised this issue with the court in his motion for reconsideration, the court revised its prior order, requiring the husband to pay the balance on the USAA account "except for . . . [the wife's] attorney's fees." Thus, we construe the court's order to require the wife to pay the portion of the balance due on the account attributable to her attorney's fees and find no error.

Finally, the husband argues that the trial court erred in awarding the wife 55% of certain marital assets, the $30,356 of equity in the marital home, her pension of approximately $10,000, and most of the personal property remaining in the marital home. We afford trial courts broad discretion in determining matters of property distribution in fashioning a final divorce decree. In the Matter of Hampers & Hampers, 154 N.H. 275, 285 (2006). We will not overturn the trial court's decision absent an unsustainable exercise of discretion. Id. On appeal, the husband does not challenge the trial court's finding that his adultery caused the breakdown of the marriage, or that it caused the wife substantial physical or mental pain and suffering. See RSA 458:16-a, (l)(1) (Supp. 2019). The court found the property distribution to be equitable "in light of the finding of fault, the length of the marriage and the lack of employment history of [the wife] during the marriage," and because the husband "has a significant ability to accumulate future wealth to a far greater degree than [the wife]." Our role on appeal is not to reweigh the equities, but "to determine whether the trial court's decision was a sustainable exercise of discretion, meaning that we review only whether the record establishes an objective basis sufficient to sustain the discretionary judgment made." In the Matter of Heinrich & Heinrich, 164 N.H. 357, 365 (2012) (quotation omitted). We conclude that the record in this case supports the trial court's discretionary judgment. See id.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

3