# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0161, <u>In the Matter of William York and Margaret Couture</u>, the court on March 18, 2021, issued the following order:**

Having considered the brief and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The respondent, Margaret Couture (wife), appeals the final decree of the Circuit Court (<u>Hall</u>, J.) in her divorce from the petitioner, William York (husband), arguing that the trial court erred in awarding an escrow account with a balance of approximately $3,000 to the husband as part of its division of the marital estate. We affirm.

The record shows that the parties have limited assets. While the matter was pending, the marital home was sold at foreclosure. At the time of the final hearing, the parties' assets consisted of low-balance checking accounts, items of personal property, and the escrow account. The wife established the escrow account while the divorce was pending. Following a temporary hearing, the court ordered the wife to pay the husband $500 per month toward the mortgage for the marital home, starting July 1, 2019. The wife instead attempted to make the first payment directly to the mortgage company, which did not accept her check "[d]ue to the status of [the] loan." Thereafter, the wife, rather than paying the $500 per month to the husband, paid the money into a bank escrow account that she established for this purpose. On August 29, 2019, the home was sold at foreclosure.

At the final hearing on December 19, 2019, the balance in the escrow account was $3,077.05. The wife argued that the court should award the account balance to her, in order to compensate her for the loss of the equity in the marital home resulting from the husband's failure to pay the mortgage. The husband argued that the court should award the account balance to him because the court had ordered the wife to pay him the money, and she failed to comply.

We afford trial courts broad discretion in determining matters of property distribution when fashioning a final divorce decree. <u>In the Matter of Heinrich & Heinrich</u>, 164 N.H. 357, 363 (2012). We review the trial court's division of the parties' assets under our unsustainable exercise of discretion standard. <u>Id</u>. If the court's findings can reasonably be made on the evidence presented, they will stand. <u>Id</u>.

The trial court noted that, prior to the final hearing, the husband had been struggling to meet expenses, and that, as a result of "household expenses that benefitted the children," the outstanding balance on the parties' joint credit card had increased to $2,100.  Although the court awarded the balance in the escrow account to the husband, it also ordered that he was responsible for the balance due on the joint credit card.

The wife argues that the trial court's decision failed to compensate her for the loss of equity in the marital home, approximately $30,000.  RSA 458:16-a, II creates a presumption that equal distribution of marital property is equitable.  In the Matter of Heinrich, 164 N.H. at 363.  Absent special circumstances, the court must make the distribution as equal as possible.  Id. We conclude that the record supports the trial court's property division, see id., and that the court made sufficient findings to support its order.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**