# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2024-0252, <u>In the Matter of Valerie Bois and Alan Bois</u>, the court on August 6, 2025, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order.  <u>See</u> <u>Sup. Ct. R.</u> 20(3).  The petitioner, Valerie Bois (Wife), appeals the Circuit Court's (<u>Alfano</u>, J.) temporary alimony order and the final decree recommended by a Judicial Referee (<u>LeFrancois</u>, R.) and approved by the trial court in her divorce from the respondent, Alan Bois (Husband).  Husband cross-appeals the property division and the court's award of term alimony to Wife.  We affirm.

I.      <u>Background</u>

The record supports the following facts.  The parties were married in 2001.  The parties have two children who were born in 2002 and 2005.  Wife petitioned for divorce in 2022.  Wife requested a temporary alimony award of $3,000 per month.  The trial court awarded Wife temporary alimony of $800 per month.

The trial court held a final hearing in December 2023.  At the hearing, the parties each offered testimony of appraisers who appraised a Florida home owned by Wife.  Wife's appraiser valued the property at $525,000.  Husband's appraiser valued the property at $850,000.  The primary discrepancy leading to the differing values was the exclusion of a third-floor bedroom by Wife's appraiser.

The parties were divorced by final decree in February 2024.  "Looking at all of the statutory factors," the trial court found that a sixty percent marital property distribution to Wife and a forty percent distribution to Husband was equitable.  The court found Husband's appraisal of the Florida property to be more reliable and, accounting for necessary repairs, thus valued the property at $681,500.

Although Wife requested both term alimony and reimbursement alimony, the court found that she had not established a basis for an award of reimbursement alimony.  The court observed that the statutory formula for term alimony would provide ten years and six months of alimony at $2,501 per month given the length of the parties' marriage and their income.  Because of the unequal property division, the court found it equitable to reduce the

duration of alimony to a term of six years, with the first four years at the guidelines rate of $2,501 per month and the last two years at half of that rate. The parties each unsuccessfully moved for reconsideration. Wife's appeal, and Husband's cross-appeal, followed.

II.    Analysis

The trial court is afforded broad discretion in determining matters of property distribution and alimony when fashioning a final divorce decree. In the Matter of Letendre & Letendre, 149 N.H. 31, 34 (2002). We will not overturn a trial court's decision on these matters absent an unsustainable exercise of discretion or an error of law. Id.; In the Matter of Silva & Silva, 171 N.H. 1, 9 (2018). This standard of review means that we review only whether the record establishes an objective basis sufficient to sustain the discretionary judgment made, and we will not disturb the trial court's determination if it could reasonably have been made. In the Matter of Braunstein & Braunstein, 173 N.H. 38, 47 (2020). We will not substitute our judgment for that of the trial court; nor will we reweigh the equities. Id.

A. Wife's Appeal

On appeal, Wife argues, among other things, that the trial court erred when it: (1) ordered temporary alimony in an amount below the statutory formula amount; (2) valued the Florida property; and (3) failed to make findings in denying reimbursement alimony. We find no error.

We begin with Wife's argument relating to the trial court's temporary alimony order. RSA 458:19, XIV (Supp. 2024) provides, in part:

> "Temporary alimony" means periodic support payments to or on behalf of a spouse while a case is pending and ending on the effective date of the divorce, legal separation, or annulment.

In determining the amount of temporary alimony, the trial court looked to RSA 458:19-a, II(a) (Supp. 2024), which provides, in part, that "[t]he amount of a term alimony order shall be the lesser of the payee's reasonable need, or a formula based on 23 percent of the difference between the parties' gross incomes at the time the order is created, unless the court finds that justice requires an adjustment." The trial court found Wife's monthly income to be $7,082 and Husband's monthly income to be at least $17,958.

In ordering temporary alimony of $800 per month to Wife, it appears that the court determined that Wife's reasonable need was less than the formula alimony amount. Contrary to Wife's argument, nothing in the statutory scheme required the trial court to issue temporary alimony based on the statutory formula where, as here, Wife's reasonable need was less than the

2

formula amount. Accordingly, we find no unsustainable exercise of discretion or error of law in the court's temporary alimony order.

Wife next argues that the trial court erred in valuing the Florida property because it "failed to note the vast difference in square footage on the appraisals." (Bolding omitted.) Contrary to Wife's argument, the court noted that Husband's appraiser was unaware of any problems accessing the third-floor bedroom and that the appraiser included the bedroom as part of the total square footage of the living area. This observation, combined with the court's finding that Husband's appraisal was more reliable, reflects that the court considered the difference in square footage between the appraisals and resolved the conflict in favor of Husband's appraisal. Wife's argument effectively invites us to reweigh the evidence. We decline the invitation because we defer to the trial court's judgment in resolving conflicts in testimony, evaluating the credibility of the witnesses, and determining the weight to be accorded to the evidence presented. Braunstein, 173 N.H. at 47. Accordingly, we cannot conclude that the trial court's valuation of the Florida property was an unsustainable exercise of discretion.

Wife next argues that the trial court erred when it failed to make findings when denying reimbursement alimony. Wife sought reimbursement alimony based on working as an office manager and accountant for Husband's business from 2005 to 2013 without compensation. "The purpose of reimbursement alimony is to compensate the payee for economic or non-economic contribution to the financial resources of the payor, where the property subject to division under RSA 458:16-a is either inappropriate or inadequate to provide such compensation." RSA 458:19-a, V (Supp. 2024).

To be sure, RSA 458:19-a, VI(b) (Supp. 2024) requires the trial court's order to include "[f]indings supporting the court's decision to . . . deny the requested alimony." But the court's order in this case includes such findings. The court found that "[n]either party demonstrated that one or the other contributed to the growth or diminution of marital assets during the marriage, more than the other" and that "[t]hey both contributed to the family." Further, the court acknowledged that Wife's argument for a sixty/forty property division was based, in part, on the fact that she worked for Husband's business without compensation. While the court's order does not explicitly state that it denied reimbursement alimony because the property division in Wife's favor was adequate to provide compensation for unpaid work, "[w]e must assume that the trial court made subsidiary findings necessary to support its general ruling." In the Matter of Kosek & Kosek, 151 N.H. 722, 725 (2005). Accordingly, we cannot conclude that the trial court's decision to deny reimbursement alimony was an unsustainable exercise of discretion.

To the extent that Wife raises additional arguments, they do not warrant further discussion.  See Vogel v. Vogel, 137 N.H. 321, 322 (1993); Sup. Ct. R. 25(8).

B. Husband's Cross-Appeal

On cross-appeal, Husband argues that the trial court erred when it: (1) ordered an unequal division of the marital assets; and (2) awarded Wife alimony.  We find no error.

Husband first challenges the trial court's property division.  Husband notes that the trial court's order identified two marital assets that justified an unequal division of property.  The first was an account containing $40,436 that Wife inherited.  The second was an account containing $57,557 from a personal injury settlement when Wife was fourteen.  Thus, Husband argues, the equitable amount Wife should have received in excess of what he received in the property division is $97,993.  Husband notes that because the court ordered a sixty/forty split of the marital assets, the court awarded her $278,379 worth of marital assets in excess of Husband's distribution.  Husband concludes that "[p]roviding an award exceeding the value of the [two accounts] by $180,386 is an unsustainable exercise of discretion."

"When a dissolution of a marriage is decreed, the court may order an equitable division of property between the parties."  RSA 458:16-a, II (Supp. 2024).  "The court shall presume that an equal division is an equitable distribution of property, unless the court . . . decides that an equal division would not be appropriate or equitable after considering" various factors, including "[a]ny direct or indirect contribution made by one party to help . . . develop the career or employability of the other party and any interruption of either party's educational or personal career opportunities for the benefit of the other's career or for the benefit of the parties' marriage or children," "[t]he value of any property acquired prior to the marriage," and "[t]he value of any property acquired by . . . devise."  RSA 458:16-a, II(h), (m), (n) (Supp. 2024).  The trial court need not consider all of the enumerated factors or give them equal weight.  In the Matter of Heinrich & Heinrich, 164 N.H. 357, 363-64 (2012).

The trial court stated that "[l]ooking at all of the statutory factors, the court finds that a 60% distribution to wife and a 40% distribution to husband of the marital assets is equitable."  The court specifically cited RSA 458:16-a, II(m) and (n) in its order relating to the two accounts described by Husband. However, the court recited other facts implicating RSA 458:16-a, II(h) that weigh in favor of an unequal distribution.  The court observed that Wife worked in Husband's business without compensation and that Wife was the primary caregiver for the minor children during most of the marriage.  Indeed, the record reflects that Wife "handled the accounting and office management" of Husband's business from 2005 to 2013, without being paid.  In these

4

circumstances, we conclude that "the record establishes an objective basis sufficient to sustain the trial court's discretionary judgment as to the unequal property division." In the Matter of Sanborn & Bart, 174 N.H. 343, 354 (2021).

Husband also argues that the trial court's alimony order was an unsustainable exercise of discretion because Wife did not prove that she needed alimony, and that the property awarded to Wife as part of the property division was not taken into consideration.

The circuit court has broad discretion to determine the amount and duration of alimony. See In the Matter of Nassar & Nassar, 156 N.H. 769, 772 (2008). Alimony determinations are based primarily on the parties' income and need. In the Matter of Cohen & Richards, 172 N.H. 78, 83 (2019); see RSA 458:19-a (Supp. 2024). RSA 458:19-a, II governs the calculation of a term alimony award. It provides that "[t]he amount of a term alimony order shall be the lesser of the payee's reasonable need, or a formula based on 23 percent of the difference between the parties' gross incomes at the time the order is created, unless the court finds that justice requires an adjustment." RSA 458:19-a, II(a).

As to Wife's need for alimony, Husband suggests that Wife's declared monthly expenses of $15,312 ought to be reduced to $6,864 after taking into account certain findings of the trial court. Husband argues that — given Wife's monthly income of $7,083, and reasonably necessary expenses of $6,864 — Wife has "no need for alimony." Husband misreads the trial court order regarding Wife's expenses.

The trial court found that Wife has $7,083 in monthly income and $15,312 in monthly expenses. Of those expenses, the court found that $1,500 for an apartment rental in New Hampshire and a $1,631 Florida mortgage payment were unnecessary. Further, the court found that $3,152 of general and personal expenses "would need to be trimmed based on the . . . expectation that standards of living need to be adjusted after the divorce." Even "trimming" eighty percent of Wife's general and personal expenses would still result in monthly expenses of about $11,550 given the trial court's other findings. Upon this record, we cannot conclude that the trial court unsustainably exercised its discretion by finding that Wife has some need for alimony. See Braunstein, 173 N.H. at 47.

Finally, Husband argues that the trial court failed to consider the sixty/forty property division when determining Wife's need for alimony. Contrary to Husband's argument, the court considered the property division when it found it equitable to reduce the duration and amount of alimony. See RSA 458:19-a, IV(f). Implicit in the court's determination that Wife had a need for alimony is a finding that the sixty/forty property division did not disturb that need. See Kosek, 151 N.H. at 725 ("We must assume that the trial court

made subsidiary findings necessary to support its general ruling."). Accordingly, we cannot conclude that the trial court unsustainably exercised its discretion in awarding alimony to Wife.

<u>Affirmed</u>.

MACDONALD, C.J., and DONOVAN and COUNTWAY, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**